GARRISON, Judge.
This appeal is part of the voluminous litigation between Clifford F. Favrot, Jr. and Katherine Boulet Barnes, parties to the landmark decision of Favrot v. Barnes, 339 So.2d 843 (1976) in which our Supreme Court held that the earning capacity of an unemployed divorced wife does not bar her from alimony .under Article 160.
In that case, the Louisiana Supreme Court upheld the findings of the trial judge that Mr. Favrot was at fault and that the former Mrs. Favrot was in necessitous circumstances, by reinstating an alimony award of $800.00 per month in favor of Katherine Boulet.
Since that time, Mr. Favrot has continued unsuccessful litigation on the alimony issue through the Federal system, until his writ of certiorari was denied by the United States Supreme Court, after the case had been informally briefed to that Court, as per the Court’s- request.
The instant appeal arises from a motion to terminate or reduce alimony filed by Mr. Favrot in response to Katherine Boulet’s motion to increase alimony. Both parties stipulated that any alteration of the alimony granted would be retroactive to February 16, 1977.
After hearing, the trial court rendered judgment increasing alimony by $250.00 per month, retroactively as stipulated, and taxing all costs to Mr. Favrot.
In the course of the litigation, plaintiff propounded the following interrogatory to Katherine Boulet:
“No. 1. Do you own a parcel of immovable property described as follows:
“A certain tract of land, situated, lying and being in the Parish of Lafourche, State of Louisiana, on the right bank of Bayou Lafourche, at a distance of about thirty-two (32) miles below the town of Thibodaux measuring one hundred, twenty (120) feet, more or less, front of Bayou Lafourche, by forty (40) arpents in depth; bounded above by lands of Erwin J. Boul-et, Jr., and below by lands of Robert M. Boulet.”
The land in question is a tract which was formerly part of a rural plantation.[1] The property description used by Mr. Favrot was the same description used not only in the succession proceedings by which Katherine Boulet obtained an interest in the property, but also in prior acquisitions.
Mr. Favrot filed two motions to compel Katherine Boulet to provide a “better” legal description[2] of the property. In response, thereto, defendant filed a motion for a protective order alleging that Mr. Favrot was harassing his ex-wife with unnecessary depositions and interrogatories.
The trial judge granted Mr. Favrot’s motion to compel with the condition that Mr. Favrot bear the burdensome costs of discovery; the court dismissed the protective order.
On appeal, Mr. Favrot contends that the trial court erred in failing to terminate or reduce alimony, in granting an increase in alimony and in taxing costs against him. We disagree and affirm the judgment of the trial court.
C.C. Art. 160 provides that alimony “shall not exceed one-third of (the ex-spouse’s) income.” The evidence indicates that Mr. Favrot has an ordinary income of $150,-000.00 per year, so that an award of $50,-000.00 per year or $4,166.00 per month would not be excessive under - our Code. Katherine Boulet asked for an increase *405 from $800.00 monthly to $2,316.00 monthly. Instead, she received an increase of $250.00 per month. The trial court’s award of $1,050.00 per month is approximately one-twelfth of Mr. Favrot’s admitted income per year.
In order for the moving party to reduce or terminate alimony, it is not necessary that he show that the recipient is in necessitous circumstances. Necessitous circumstances is an element proven by the recipient at the time that the alimony is initially set. It is a prior determination by the trial court.
In order for the moving party to reduce or terminate alimony, he must show a change in the circumstances of either party. The trial court must determine that a change has occurred before it can re-open the prior determination of necessitous circumstances. In the instant appeal, Mr. Favrot has failed to convince this court that a change has in fact occurred. Katherine Boul.et’s percentage of naked ownership was acquired some thirteen years prior to the judgment of divorce. Her financial condition was considered by the trial court at the time of the initial award of alimony.
Mr. Favrot’s appeal comes perilously close to a harassing and frivolous action, inasmuch as clearly no change for the better has occurred in Katherine Boulet’s financial condition. Rather, the evidence indicates that her financial condition has only worsened in the years since the divorce. Mrs. Boulet submitted to the trial court detailed, itemized lists of monthly and yearly expenses for each year of the period 1973 through 1979 inclusive. As the trial judge noted, she was examined for a considerable period of time: “You’ve had her on the stand for something like three hours with that list . ” This court concludes that more than sufficient evidence was presented justifying the increase of $250.00.
Mr. Favrot’s final specification of error is that’the trial judge erred in assessing against him the costs of obtaining a “better” legal description. We disagree. Mr. Favrot told the trial judge that he would pay the costs of discovery and the motion for a protective order alleging harassment was dismissed. As noted by counsel for appellee before this court on the day of oral argument, the instant appeal constitutes counsel’s thirty-first appearance before a tribunal on this matter. Our judicial system was not meant to be used as a manipulative device through which a party may force his ex-spouse onto the brink of financial ruin and emotional bankruptcy. We conclude that the trial judge was within his discretion in assessing costs against Mr. Favrot.
Accordingly, we affirm the judgment of the trial court, all costs of this appeal to be paid by the appellant, Clifford F. Favrot, Jr.

AFFIRMED.

GULOTTA, J., concurs in the result.

. As noted by counsel on oral argument, descriptions of country property are often not as minutely precise as descriptions of urban lots. The instant interrogatory was not part of a case litigating a boundary dispute or other action directly involving the status of the immovable property so described. The interrogatory was merely seeking to confirm that Katherine Boulet still retained an interest in certain property. Mr. Favrot’s search of the property records in Lafourche Parish had already confirmed that Katherine Boulet had inherited an undivided interest and had provided the property description recited by Mr. Favrot in the interrogatory.

. To provide a “better” legal description, defendant would be forced to hire surveyors as well as outside counsel and experts in the area of real estate.