535 So.2d 466 (1988)
Brittie Myers MIDDLETON
v.
Donald C. MIDDLETON.
No. 88-CA-347.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
Craig J. Cimo, Gretna, for defendant-appellant.
Robert C. Lowe, Ellen Widen Kessler, Lowe, Stein, Hoffman & Allweiss, New Orleans, for plaintiff-appellee.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal relates to a rule to reduce permanent alimony. The trial court denied the husband's rule; it also denied the wife's rule for contempt and attorney's fees and made executory (in the wife-appellee's favor) the sum of $5800 representing alimony arrearage for a five-month period at $1200 per month with a $200 credit. From this judgment, the husband appeals. We reverse.
ISSUE
The sole issue is whether the trial court abused its wide discretion in not finding a substantial change of circumstances which would warrant a decrease in the permanent alimony.
ANALYSIS
It is a well-settled legal axiom that the party seeking the reduction of an alimony award, including one established by a consent judgment, must prove a significant change in at least one party's circumstances since the time the permanent alimony was last modified or set. Eckhardt v. Eckhardt, 499 So.2d 1204 (La.App. 5th Cir. 1986), writ denied, 501 So.2d 213 (La.1987); Rhinehart v. Rhinehart, 475 So.2d 43 (La. App. 2d Cir.1985), writ denied, 477 So.2d 692 (La.1985); Duhe v. Duhe, 466 So.2d 595 (La.App. 5th Cir.1985).
Applying this principle, the trial court, in its oral Reasons, states:
ALTHOUGH MR. MIDDLETON'S EARNINGS ARE SUBSTANTIALLY LOWER THAN THEY PREVIOUSLY HAVE BEEN, AT THE LAST HEARING OF THIS COURT, RULING ON THIS MATTER, MR. MIDDLETON WAS UNEMPLOYED, HAD SOME FUNDS IN A SAVINGS ACCOUNT, BUT THE COURT FINDS THAT THERE'S BEEN NO SUBSTANTIAL CHANGE IN CIRCUMSTANCES FROM THAT TIME WHEN THE AMOUNTS *467 WERE SET AND CONSEQUENTLY DENIES THE MOTION TO REDUCE AND KEEPS THE PREVIOUS ALIMONY AMOUNTS IN EFFECT.
We note that La.C.C. art. 160, in pertinent part, states:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income....
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses; ... (emphasis added.)
Mr. Middleton's termination with Shell Oil was involuntary. He conducted an extensive job search and accepted the one job offer he received. Although he did not register with any employment agencies, he did follow up on previous job applications and continued to seek employment after accepting a job at Bayou Barriere Golf Club. He was also responsible enough to seek, find, and accept a job before the pre-paid year of salary evaporated, and we see his job search reflected his training, age, and interest.
The evidence shows when the rule to reduce permanent alimony was filed, Mr. Middleton's gross monthly income was $867. It also shows that all of his assets were governed by the community regime. Therefore, as the community had not yet been partitioned, Mr. Middleton owned no separate "property," "means," or "assets" from which he could make alimony payments. The Civil Code directs that permanent alimony "shall not exceed one-third" of the payor spouse's income.
It is well-settled that the trial court is vested with great discretion in making alimony determinations, and its rulings in that respect will not be disturbed absent a manifest abuse of discretion. Dugas v. Dugas, 428 So.2d 1059 (La.App. 1st Cir. 1983); Renfroe v. Renfroe, 428 So.2d 875 (La.App. 1st Cir.1983); Firstley v. Firstley, 427 So.2d 76 (La.App. 4th Cir.1983). However, we find the trial court was clearly erroneous in maintaining the previous monthly alimony of $1200 when Mr. Middleton's income had suffered a drastic reduction after permanent alimony was first set, and when $289 represents one-third of the income he was receiving when he filed the rule. Accordingly, we reverse the judgment of the trial court and set permanent periodic alimony at $289 per month, retroactive to the date the rule to reduce alimony was filed, September 30, 1987. See La.R.S. 9:310. All costs of this appeal are to be assessed against the appellee.
REVERSED.