ItGRISBAUM, Judge.
The ex-husband appeals the trial court’s reinstatement of permanent alimony to his ex-wife. We set aside and remand.

ISSUES

We will address the following issues:
(1) Whether the trial court can impose permanent alimony after the expiration of the three-year term;
(2) Whether the trial court can rely solely on the testimony of plaintiff in order to determine her ability to work due to her psychiatric condition; and
(3) Whether . the child support award should be amended to an in globo award for both children.
I ¿FACTS
On June 21, 1991, the parties to this action were divorced. The judgment of that date contained consent stipulations — specifically that Jerry Whorton was to pay $900 a month as permanent alimony for a specific term of three years, subject only to his right to seek a reduction should Debra Whorton become gainfully employed during that time. There was a modification in June 1993, but those modifications are irrelevant to this matter.
On April 27, 1994, plaintiff-appellee, Debra Whorton, filed a Motion to Reinstate Alimony and Increase Child Support.[1] Defendant-appellant, Jerry Whorton, agreed to increase the child support for his minor children in accordance with the Uniform Support Guidelines but denied the change in circumstances as alleged by Debra Whorton with regard to permanent alimony.
The trial court awarded Debra Whorton alimony in the amount of $450 per month, retroactive to June 1, 1994. Jerry Whorton appeals from this judgment.
ANALYSIS — ISSUE ONE
Defendant-appellant argues the 1991 judgment concerned a lump sum award and La.Civ.Code art. 112(B)(3) prohibits it from being modified. We disagree.
Our interpretation of the 1991 judgment is that it was subject to modification if Debra Whorton became employed. There was not a guaranteed total amount Debra Whorton would receive because of the possibility appellant could seek a reduction. Thus, the argument the 1991 judgment could not be *987 modified because it contained a lump sum does not have merit.
ANALYSIS — ISSUES TWO AND THREE
The appellant argues the trial court abused its discretion by solely relying on the testimony of appellee with regard to her medical condition and cost without 13any corroborating expert testimony. Nor did appel-lee present any medical receipts, prescription receipts, or testimony by her treating physician. We agree.
The record indicates appellee became employed during the three-year period stated in the alimony order. According to her own testimony, she became disabled due to debilitating depression, and she is presently unable to stay gainfully employed. It was due to this disability that she sought a reinstatement of alimony when it terminated on April 5, 1994 by filing a motion to have her permanent alimony reinstated.
We note there is jurisprudence which indicates special medical expenses, such as psychiatric treatment, generally do not fall within the category of “basic necessities,” which may be proved by unsupported testimony of the spouse seeking alimony. There must be sufficient proof of medical condition, need for treatment and costs. See Green v. Green, 567 So.2d 139 (La.App. 2d Cir.1990). However, we would remand to give appellee the opportunity to offer sufficient proof of her medical condition, need for treatment and cost, in light of the rule a claim for alimony cannot be modified in the absence of a change in circumstances. See Thiel v. Thiel, 388 So.2d 1170 (La.App. 4th Cir.1980).
Since we remand regarding proof of Debra Whorton’s psychiatric condition, we decline to address the remaining issue, except we note the trial court, in raising the child support, attempted to allocate half to each child in an effort to avoid future relitigation. However, an automatic reduction does not occur when the oldest child reaches majority because the appellant would have to take action to reduce the order when the child reaches majority so that a proper ampunt for the remaining child, at that point, can be determined under the appropriate guidelines. See Collier v. Collier, 516 So.2d 1157 (La. App. 4th Cir.1987), writ denied, 519 So.2d 145 (La.1988) and Gomez v. Gomez, 609 So.2d 263 (La.App. 3d Cir.1992).
Accordingly, we set aside the trial court’s June 2, 1994 judgment and remand the matter for further proceedings consistent with the views expressed herein. The parties to this appeal are to bear their respective costs.

SET ASIDE AND REMANDED.

. The three-year term of the 1991 judgment ended on April 5, 1994.