674 So.2d 364 (1996)
Courtland P. SMITH, Jr.
v.
Charlotte L. SMITH.
No. 95 CA 1661.
Court of Appeal of Louisiana, First Circuit.
April 30, 1996.
*365 Amy E. Counce, Baton Rouge, for Plaintiff-Appellant, Courtland P. Smith.
Donna Wright Lee, Baton Rouge, for Defendant-Appellee, Charlotte L. Smith.
Before CARTER, PITCHER and CRAIN,[1] JJ.
HILLARY J. CRAIN, Judge Pro Tem.
Plaintiff, Courtland P. Smith, Jr., appeals from a judgment, dismissing his rule to decrease permanent alimony.
Courtland Smith and Charlotte Smith were married for twenty-five years. The parties were divorced, Mrs. Smith was found free from fault, and, by judgment signed March 4, 1993, awarded monthly permanent alimony of $2,585.
Dr. Smith filed a rule to reduce alimony on June 28, 1994, asserting that a change of circumstances warranted the reduction of his alimentary obligation. Mrs. Smith filed a rule to increase alimony. A trial on the rules was held on December 5, 1994. Judgment was rendered, denying both rules. From the judgment denying his rule to decrease alimony, Dr. Smith appeals and makes the following assignments of error:
1. The trial court erred in dismissing Dr. Smith's rule to reduce permanent alimony by holding that he failed to prove "an inability to pay" the set permanent alimony, despite his proof of (a) a substantial non-voluntary decrease in his income and (b) the amount of Mrs. Smith's necessary living expenses being less than the amount of permanent alimony being received.
2. The trial court erred in not reducing Dr. Smith's alimony obligation to Mrs. Smith to an amount which would provide only those necessary living expenses contemplated by La.C.C. art. 112.
3. Even if the trial court applied the correct test, the trial court erred in finding that Dr. Smith had not proven "an inability to pay" the set permanent alimony.

LEGAL ANALYSIS
A reduction in alimony may be granted when the payor can no longer give, or the payee is no longer in need, in whole or part. La.C.C. art. 232. The payor requesting a reduction bears the burden of proof to demonstrate a significant change in the financial condition of either himself or his wife, so as to justify a reduction in the alimony which the former court order required him to pay. Laiche v. Laiche, 289 So.2d 277, 278 (La.App. 1st Cir.1973), writ denied, 293 So.2d 182 (La.1974); La.R.S. 9:311. An alimony award, once fixed, either by trial or by stipulation, is not subject to change unless a substantial change of circumstances in either party can be shown. Kirk v. Kirk, 413 So.2d 592, 593 (La.App. 1st Cir.1982). The trial *366 court's determination of whether to reduce, increase, or continue the amount of alimony should not be overturned or modified by an appellate court absent a clear abuse of discretion. Dabney v. Dabney, 603 So.2d 786, 789 (La.App. 1st Cir.), writ denied, 607 So.2d 563 (La.1992).

Assignment of Error No. 1
Dr. Smith argues that the trial court used the improper test of "inability to pay" in its determination on the rule to decrease alimony. The payor's ability to pay is a factor in determining whether a substantial or significant change in his financial circumstances has occurred which would warrant a reduction in his alimentary obligation. See, Sonfield v. Deluca, 385 So.2d 232 (La.1980). We find no error in the trial court's consideration of Dr. Smith's ability to pay. This assignment of error is without merit.

Assignments of Error Nos. 2 and 3
The initial hearing on permanent alimony occurred at the end of 1992. By stipulated judgment, the parties agreed to monthly alimony of $2,585.
In the present matter, the trial court found that Dr. Smith's annual income for 1994 was approximately $110,000. The court found this to be more than the 1993 income, shown as $102,400, but less than the 1992 income, shown as $152,000. The court noted that the ear, nose, and throat clinic, solely owned by Dr. Smith, had retained earnings for 1994 of $54,000. The clinic made a cash purchase of a $15,000 vehicle for Dr. Smith's use. The current Mrs. Smith is an employee of the clinic with an annual income for 1994 estimated at $31,299.
Defendant, Charlotte Smith, is legally blind. Alimony is her primary source of income.[2] The court reviewed Mrs. Smith's income and expense summary. The court found that Mrs. Smith's income had not increased. The court noted that the amount listed for clothing expense was high. Subtracting the monthly clothing expense from the total expenses listed, Mrs. Smith's expenses still exceed her alimony.
The court also reviewed Dr. Smith's income and expense summary, finding that the clothing expense was excessive, an insurance expense was no longer accurate, and noting that the expenses included debts incurred after the agreement to pay monthly alimony of $2,585. These debts were for the purchase of $7,700 worth of new furniture, a $20,000 BMW, and a 5,000 square foot home. Also listed as expenses were a monthly credit card payment of $1,595.45 and $59 for pet care.
The trial court found that appellant's financial circumstances had not changed significantly so as to warrant a reduction in alimony. We agree. Consequently, there is no need to redetermine Mrs. Smith's necessary expenses. The required showing of a significant change in circumstances, which would entitle a modification of the alimony award, has not been made.
After reviewing all of the evidence, we cannot say that the trial court abused its discretion in failing to reduce Dr. Smith's alimentary obligation.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant.
AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Mrs. Smith received less than $1,000 in 1993 from interest, dividends, and rental property.