700 So.2d 1099 (1997)
Kathleen Griffin ROBERTS
v.
William V. ROBERTS, Jr.
No. 97-CA-368.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
*1100 Robert C. Lowe, David M. Prados, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for Plaintiff/Appellee Kathleen Griffin Roberts.
Richard M. Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, for Defendant/Appellant William V. Roberts, Jr.
Before BOWES, DUFRESNE and CANNELLA, JJ.
BOWES, Judge.
Plaintiff-in-rule, Mr. William Roberts, appeals from a grant of a motion of involuntary dismissal in favor of Mrs. Kathleen Roberts, which judgment dismissed his rule to revoke/reduce alimony. For the following reasons, we affirm the decision of the trial court.

FACTS
The parties were divorced in 1983. In 1987, the community was partitioned and Mrs. Roberts was awarded permanent alimony of $750.00 per month. This award was affirmed by this court on appeal. Roberts v. Roberts, 542 So.2d 517 (La.App. 5 Cir.1989), writ denied, 547 So.2d 1317 (La.1989).
Mr. Roberts filed a rule to terminate and/or reduce alimony, which was heard on September 16, 1996. After presentation of his case, the trial court granted a motion for involuntary dismissal filed by Mrs. Roberts. In oral reasons for judgment, the trial court stated that "After hearing the evidence, the Court does not feel like a change of circumstances has been proven."
Mr. Roberts now appeals. In this appeal, Mr. Roberts alleges that the trial court erred in finding that he did not present sufficient evidence to show that a change in circumstances had occurred and, therefore, the trial court erred in granting the motion for involuntary dismissal. Second, he alleges that the trial court erred in failing to terminate alimony, which he contends is unwarranted and unnecessary. Finally, he alleges that the trial court erred in shifting to him the burden of proving Mrs. Roberts' ability to work, and that in limiting the evidence he (Mr. Roberts) was allowed to present at the trial.

STANDARD OF REVIEW

A. Involuntary dismissal.
La. C.C.P. art. 1672 B provides:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may *1101 move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The appropriate standard for the trial judge to use to determine the merits of the motion to dismiss is whether the plaintiff, or in this case the plaintiff-in-rule, has presented sufficient evidence to establish his case by a preponderance of the evidence. Yoes v. Shell Oil Co., 95-12 (La.App. 5 Cir. 5/10/95), 657 So.2d 241, writ denied, 95-2087 (La.11/17/95), 663 So.2d 714. Proof by a preponderance of the evidence means that, taking the evidence as a whole, such proof shows that a fact sought to be proved is more probable than not. Brown v. Bowler, 94-667 (La.App. 5 Cir. 5/10/95), 659 So.2d 799. Although plaintiff-in-rule is not entitled to any special inferences in his favor, absent circumstances in the record casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncontroverted evidence should be taken as true to establish a fact for which it is offered. Brown v. Bowler, supra. Our review of the trial court's determination is based on whether or not there is manifest error. 2304 Manhattan Blvd. v. Power & Light Co., 94-192 (La.App. 5 Cir. 9/14/94), 643 So.2d 1282.
B. Modification of a prior award of alimony.
Alimony after divorce (permanent alimony) is available when a spouse has not been at fault and has not sufficient means for her support. La. C.C. art. 112. A reduction in alimony may be granted when the payor can no longer give, or the payee is no longer in need, in whole or part. La. C.C. art. 232.
An award of alimony cannot be modified in the absence of a change in circumstances. La. R.S. 9:311; Whorton v. Whorton, 94-939 (La.App. 5 Cir. 3/15/95), 651 So.2d 985. The plaintiff requesting a reduction bears the burden of proof to demonstrate a significant change in the financial condition of either himself or his wife, so as to justify a reduction in the alimony which the former court order required him to pay. Middleton v. Middleton, 535 So.2d 466 (La. App. 5 Cir.1988); Smith v. Smith, 95-1661 (La.App. 1 Cir. 4/30/96), 674 So.2d 364, writ denied, 96-1457 (La.9/20/96), 679 So.2d 435.
An alimony award, once fixed, either by trial or by stipulation, is not subject to change unless a substantial change of circumstances in either party can be shown. Middleton, supra; Smith, supra.
The determination of "sufficient means" is not susceptible of solution by an exact formula or monetary index and should be accomplished by applying the rule of "reasonableness in the light of all circumstances," considering the factors of liquidity of assets, the consequences of liquidation, and the relative financial positions of the parties. Dabney v. Dabney, 603 So.2d 786 (La.App. 1 Cir.1992), writ denied, 607 So.2d 563 (La. 1992).
The trial court possesses broad discretion in determining matters pertaining to alimony revocation or reduction, and its judgment will not be disturbed absent manifest error. Vest v. Vest, 579 So.2d 1190 (La.App. 5 Cir.1991), writ denied, 586 So.2d 564 (La. 1991).

ANALYSIS
Mr. Roberts contends that he presented evidence to prove a substantial change in circumstances which was sufficient to warrant a termination of his alimony obligation to Mrs. Roberts. Accordingly, he says the trial court erred in granting the involuntary dismissal of his rule, and in failing to order that alimony be terminated.
The first "change" alleged by Mr. Roberts is the receipt by Mrs. Roberts of an additional $25,000.00 in connection with a supplemental community property settlement.
Generally, the conversion of a non-liquid asset into a liquid asset is not considered to be a change in circumstances. Chatelain v. Chatelain, 94-583 (La.App. 3 Cir. 11/2/94), 649 So.2d 637. In this case, there is not a change in circumstances, as her assets *1102 did not increase  the only difference occasioned by the supplemental community property settlement is that Mrs. Roberts now has a liquid sum rather that the undivided one-half interest in Bill Roberts, Inc., a corporation owned by Mr. Roberts, which she had before the supplemental partition. See Dabney v. Dabney, supra.
Mr. Roberts next alleges that Mrs. Robert's actions in converting her share of the community assets into cash, and then into mortgages, so that she could generate interest income, constitutes a sufficient change in circumstances so as to warrant termination of or a reduction in alimony.
In Davis v. Davis, 445 So.2d 121 (La.App. 2 Cir.1984), the court noted that the alimony statute, La. C.C. art. 112, allows the court to consider the liquidity of assets owned by the spouses in determining entitlement to or modification of alimony. The court stated that:
While the statute directs that liquidity be considered by the court in determining whether a modification of alimony may be warranted, the court is not limited in considering and weighing all relevant factors and circumstances of the individual case. In some cases, liquidity alone may be controlling, while in others it may not.

(Emphasis supplied).
The court in O'Brien v. O'Brien, 308 So.2d 333 (La.App. 1 Cir.1975), writ denied, 311 So.2d 262 (La.1975) was faced with the same argument advanced by Mr. Roberts in this appeal. In finding that a change in circumstances was not proven, the court said:
... had the defendant herein not converted the property received in the community property settlement prior to the divorce suit into cash there could be no reduction in alimony. Had she converted it into cash and not put it at interest there could be no reduction. We feel that to reduce the alimony payments because of the interest income would be contrary to law since there is no real change in her circumstances, particularly during such times of inflation as we now have before us. By investing the money at interest she is merely attempting to protect the property freely conveyed to her for due consideration by her late husband from depreciation.
See also Dabney v. Dabney, supra.

We note that O'Brien, supra, was decided before the enactment of C.C. art. 160 (now art. 112) which article now allows the court to consider the liquidity of assets. Nevertheless, it is within the trial court's discretion whether liquidation alone warrants a change in circumstances.
In this case, the trial judge was presented with evidence of Mrs. Robert's actions in converting her property (her share of the community settlement) into interest bearing mortgages and he found that Mr. Roberts did not prove a change of circumstances sufficient to warrant termination of or a reduction in alimony. Under the circumstances here, we cannot say that the trial court was manifestly erroneous in that finding.
Mr. Roberts also argues that the manner in which Mrs. Roberts spends her money proves that she is no longer in necessitous circumstances and warrants a finding by the court that a change in circumstances occurred. However, the transcript reflects that Mrs. Roberts was able to explain her expenditures to the satisfaction of the trial court, who found that a change in circumstances was not shown. Again, we cannot say that the trial court was manifestly erroneous in this regard.
Finally, Mr. Roberts alleges that alimony should be terminated because Mrs. Roberts has made no attempt to seek employment since the divorce. In connection with this argument, Roberts further alleges that the trial court improperly placed the burden of proof on him to prove that she could be employed, rather than requiring Mrs. Roberts to prove that she was incapable of employment.
Alimony in this case was originally awarded in 1987 and was affirmed on appeal in 1989. In that appeal this Court stated that:
In her testimony Mrs. Roberts stated she worked as a beautician years previously and that she suffers from severe rheumatoid arthritis. Because of her condition *1103 Mrs. Roberts testified she cannot work. While her age is unknown, we note that the parties have two married children and were married for 22 years.
It is incumbent upon Mr. Roberts to show a change in circumstances occurring from that time until the time his rule for termination/reduction was filed. The only evidence adduced at the hearing was Mrs. Roberts' statement that her conditioned had worsened, and that she had difficulty with many routine personal and household tasks. In addition, we note that Mrs. Robert is now ten years older than when alimony was originally awarded. Here, again this effort by Mr. Roberts is in sufficient.
Based on the record, the trial court found that Mr. Roberts did not present sufficient evidence to show that a change in circumstances with regard to Mrs. Roberts' ability to seek employment. We can find no manifest error in that determination and, accordingly, will not disturb it.
Finally, Mr. Roberts alleges that the trial court erred in limiting the introduction of evidence by him as to whether Mrs. Roberts sought employment to a time frame starting in 1991 after his last rule to terminate alimony was denied. However, given the judgment of 1989, in which this Court affirmed the finding that Mrs. Roberts could not work, and the failure of Mr. Roberts to introduce any evidence to show that her medical condition had changed for the better, any admission by Mrs. Roberts that she has not sought education or employment would not have mandated a denial of the motion for involuntary dismissal. Therefore, error in the trial court's ruling, if any, is harmless.
Finally, Mr. Roberts alleges that the trial court erred in denying introduction into evidence a letter written by Dr. Waxman to Mrs. Roberts, on the grounds that the letter constituted hearsay. The record reflects that there was no attempt by Mr. Roberts to establish any foundation for the introduction of this evidence, other than asking Mrs. Roberts if she recognized the letter. Therefore, we hold that the trial court did not err in its evidentiary ruling.
For the above discussed reasons, the decision of the trial court granting an involuntary dismissal in favor of Mrs. Roberts, and dismissing Mr. Roberts rule for termination/reduction is affirmed. All costs are assessed against plaintiff-in-rule, Mr. Roberts.
AFFIRMED.