710 So.2d 1191 (1998)
Monica MOISES
v.
Edward Anthony MOISES.
No. 97-CA-1208.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
*1192 Stephen R. Rue, Stephen R. Rue & Associates, Kenner, for Defendant/Appellant Edward Anthony Moises.
John J. Lee, Jr., New Orleans, for Plaintiff/Appellee Monica Moises.
Before GRISBAUM, BOWES and CANNELLA, JJ.
BOWES, Judge.
Appellant, Edward Moises, appeals a judgment of the district court which denied his motions for a decrease in child support, alimony, contempt, and sole custody, but the judgment also found Mr. Moises in contempt and condemned him to pay attorney fees and court costs. For the following reasons we affirm.
*1193 The record shows that Monica Moises filed suit for divorce in September of 1993. A judgment dated October 14, 1993 ordered appellant to pay child support in the amount of $1,000.00 per month in cash; additionally, he was ordered to pay all tuition and fees, as well as to maintain medical insurance on the children and to pay any uncovered medical, dental, orthodontic and psychological expenses for Mrs. Moises and the children. Alimony pendente lite in the amount of $1,350.00 was also granted. Additionally, other matters not relevant to the present proceedings were disposed of. Numerous rules and pleadings were subsequently filed by both parties and the parties in this bitter domestic proceeding were finally divorced on July 2, 1995.
On that date, the trial court issued a final judgment finding appellee to be free from fault and awarded her post-rehabilitative alimony in the amount of $540.00 per month for a period of one year. Pursuant to a rule filed by him in March of 1995 in the same judgment, Mr. Moises was granted a reduction in child support and ordered to pay child support in the amount of $750.00 per month to be applied retroactively to the date of judicial demand. Appellant was also found to be in contempt "for unilaterally altering his child support obligation and by failing to abide by established visitation arrangements." Arrearages resulting from the retroactive effect of the judgment were to be paid in the amount of $50.00 per month until satisfied.[1] Finally, Mr. Moises was assessed court costs and attorney fees in the amount of $500.00.[2]
Following this judgment, more pleadings were filed regarding visitation, contempt, and custody. In February, 1997, Mr. Moises filed a pleading moving for:
1. Clarification of financial obligations;
2. Modification and/or decrease in child support and financial obligations regarding his children;
3. Contempt of court, attorney fees and court costs; and
4. A decrease in alimony.
Monica Moises filed a rule for contempt for past due support and for sole custody, and all rules of both Mr. and Mrs. Moises were heard by the court on March 5, 1997.
The transcript reveals that the questioning and testimony of Mr. Moises was confusing and the appellant was often unresponsive. However, Mr. Moises admitted in open court that he had not paid the $750.00 per month child support directly to Mrs. Moises since July of 1996. According to appellant, an earlier judgment ordered that if either parent violated a summer visitation schedule, the other parent would have sole custody without further orders of the court; since appellee did not timely return the children following a summer visitation schedule, Mr. Moises maintained that he had sole custody of the children and this was the basis for his refusal to pay child support.[3]
Appellant further testified that he paid some expenses of the children directly, such as school tuition, medical care, school lunches, and sporting equipment. He also testified that he overpaid child support by a total of $572.46 per month from April of 1995, the date on which he filed his first rule to reduce. (We note that the rule was actually filed in March, 1995). Mr. Moises requested the court grant him credit for the monies already spent and he testified that he has physical custody of the children approximately 50% of the time.
Mrs. Moises testified that currently she does not pay rent or utilities, since she was not receiving any support and, therefore, her mother pays those expenses for her. A *1194 sworn financial statement evidenced actual monthly expenses of $621.00 for the children, which included food, clothing, transportation, recreation, and miscellaneous expenses and showed that Mrs. Moises receives food stamps. The statement also showed that expenses including the rent and other expenses paid by appellee's family, totaled $2,131.00 per month. Although her family owns a company in Costa Rica, she testified that she is not an employee of it and receives no wages or funds from it. She was currently unemployed. She testified that appellant voluntarily paid for school uniforms and lunches and did not ask her to contribute.
Following the hearing, the court denied the rule to decrease alimony and child support, and found appellant to be in contempt for failing to pay the support due. The court found that by appellant's own testimony, he had failed to make child support payments in the amount of $750.00 per month due as a result of the judgment dated July 2, 1996 for the nine months preceding the trial of the rules; the court computed the total due to be $6,750.00. Further, the court found that appellant had failed to pay the $50.00 per month in arrearages also due as a result of the July 1996 judgment for another $450.00. The balance on that original arrearage was then $425.00.
The court continued, stating in oral reasons, that the original judgment of support dated October 14, 1993 had mandated $1,000.00 per month in child support and, additionally, required appellant to pay tuition and other school expenses, as well as to maintain the children on his medical insurance and to be responsible for any uncovered medical, dental, or psychological expenses. The court also found that the obligation to pay those additional expenses of tuition, etc, was still in effect. Taking into consideration the payments made by appellant for school and other expenses from July 2, 1996 to the date of the hearing, the court granted a credit of $546.77, leaving a total balance due of $6,653.23. In addition, attorney fees in the amount of $1,000.00 were granted, plus court costs.
Finally, pursuant to the motion for "clarification," the court "clarified" all judgments for appellant, emphasizing that he is to pay the sum of $750.00 per month directly to appellee for child support; that he be responsible for tuition, fees, and books; that he maintain the medical insurance on the children and be responsible for all uncovered medical, dental, orthodontic and psychological expenses. It is from this judgment that the present appeal is taken.
On appeal, Mr. Moises has urged that the trial court erred in failing to reduce child support and alimony, in compelling him to pay for tuition and other educational expenses, in compelling him to pay health-related insurance premiums and expenses, in failing to provide proper credits to his support obligations, in finding him in contempt of court and in assessing attorney fees and costs.

ANALYSIS
La. R.S. 9:311 reads in pertinent part:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
B. A judgment for past due support shall not of itself constitute a change in circumstances of the obligor sufficient to reduce an existing award of support.
* * * * * *
D. A change in circumstances need not be shown for purposes of modifying a child support award to include a court-ordered award for medical support.
An award of alimony cannot be modified in the absence of a change in circumstances. La. R.S. 9:311; Whorton v. Whorton, 94-939 (La.App. 5 Cir. 3/15/95), 651 So.2d 985. The plaintiff requesting a reduction bears the burden of proof to demonstrate a significant change in the financial condition of either himself or his wife, so as to justify a reduction in the alimony which the former court order required him to pay. Middleton v. Middleton, 535 So.2d 466 (La. App. 5 Cir.1988); Smith v. Smith, 95-1661 (La.App. 1 Cir. 4/30/96), 674 So.2d 364, writ *1195 denied, 96-1457 (La.9/20/96), 679 So.2d 435; Roberts v. Roberts, 97-368 (La.App. 5 Cir. 9/30/97), 700 So.2d 1099.
The judgment of July 2, 1996 reduced Moises direct child support obligation and ordered appellant to pay $750.00 per month, retroactive to the date of his rule to reduce along with $50.00 per month in arrearages; in addition rehabilitative alimony of $540.00 was due for one year from the date of the judgment. This judgment became final when no appeal was perfected.
At the hearing, the trial court found that appellant failed to prove a change of circumstance so as to warrant a reduction of child support under La. R.S. 9:311. There was no evidence that appellant's income had decreased or that his expenses had increased. Insofar as we are able to determine from the evidence submitted at trial, Mrs. Moises' mother was paying her rent and utilities prior to the June 1996 judgment; therefore, there was no change of circumstance on that issue. Mrs. Moises began to receive food stamps in January of 1997, an event apparently occasioned by appellant's refusal to pay his support obligations. However, such cannot be considered income for purposes of a reduction in support. There was no evidence that her expenses had decreased or that she had any income. Accordingly, appellant was not entitled to a decrease in the amount of child support.
Appellant argues that appellee has not attempted to obtain a job or job training and, therefore, he is entitled to a decrease in alimony. Failure to obtain training or education can be a change in circumstances to be raised in a rule to reduce alimony. Vest v. Vest, 579 So.2d 1190 (La.App. 5 Cir.1991). However, in the present case, appellee testified that she was unable to obtain training for employment due to her financial situation caused by her former husband's refusal to meet his obligations. Further, since appellant has not attempted to pay the court ordered alimony, we find that the failure to obtain employment, under the present facts, is not a change of circumstances so as to justify a reduction in alimony.
As a result of the judgment of July, 1996 granted pursuant to a motion to reduce support, appellant was ordered to pay $750.00 per month in child support directly to appellee. That 1996 judgment did not address the issue of tuition and health care expenses, which additional expenses had been ordered in the original 1993 judgment of support. Based on the designated record before us, we see no error in the finding of the trial court that the original obligation to pay the school and health expenses of the minor children remains in effect. Because these sums had been ordered separately from the basic child support obligation, appellant is entitled to no further credits than that which the trial court awarded herein.

CONTEMPT
Appellant's admission in his testimony that he did not pay the court ordered support amply supports the finding of contempt. As pointed out hereinabove, defendant has previously been found in contempt for unilaterally altering his support obligation. La. C.C.P. art. 224 provides in pertinent part:
Any of the following acts constitutes a constructive contempt of court:
* * * * * *
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court; ...
Under our jurisprudence interpreting this statute, it must be shown by the party seeking the contempt ruling that the alleged offender wilfully disobeyed a direct order of the court prior to the contempt rule; otherwise, he should not be held in contempt....
One act enumerated as constituting a constructive contempt of court is `(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;...' Wilful disobedience is an act or failure to act that is done intentionally, knowingly and purposefully, without justification. A trial court is vested with great discretion in determining whether a person is to be held in contempt for wilful disobedience of a trial court judgment. *1196 New v. New, 93-702 (La.App. 5 Cir. 1/25/94), 631 So.2d 1183. [Citations omitted].
We find no abuse of discretion in the finding of the trial court that defendant was in contempt for failure to pay alimony and child support in the present case. Further, under La. R.S. 9:375,[4] the court was well within its discretion to order the payment of attorney fees in the amount of $1,000.00. La. R.S. 13:4611(1)(d) applies to fines which the court may levy in cases of contempt for failure to pay support and does not apply to attorney fees.
For the foregoing reasons, the judgment is affirmed and the costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] Mrs. Moises had filed pleadings indicating that appellant had unilaterally begun paying $690.00 per month in child support; however, we do not have other information as to the basis of the arrearages, which were not totaled in the judgment.
[2] Mrs. Moises was also found in contempt for allowing Gustavo Rodriguez, a boyfriend, to be in the presence of the children. This issue is not before the court. Mrs. Moises filed a motion for appeal from this judgment; however, the appeal was subsequently dismissed. Therefore, that judgment is final.
[3] Although it is by no means clear, we construe from this line of testimony that it was Mr. Moises' belief that since he had sole custody, he was no longer obligated to pay support.
[4] La. R.S. 4:375 reads:

A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
B. When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.