J2REMY CHIASSON, Judge Pro Tem.
After 37 years of marriage, George M. Willis and Kay Gremilfion Willis’ were divorced on August 5,1994. Mr. Willis agreed to pay $2,400.00 per month to Mrs. Willis for permanent alimony. At that time he was earning approximately $6,000.00 per month. He paid the agreed amount for five months, until March of 1995.
When Mr. Willis stopped paying anything, Mrs. Willis obtained a judgment for past-due support and fees in the amount of $11,100.00 on November 9, 1995. Still Mr. Willis did not pay the agreed-upon amount, making only one payment of $300.00 in July of 1995.
In October of 1995, when he was between overseas jobs, Mr. Willis filed for a termination or reduction of alimony. For various reasons attributable to Mr. Willis, the hearing was not until January 7, 1997. The trial court rendered judgment (1) finding Mrs. Willis was not at fault in the dissolution of the marriage'and (2) reducing the alimony to $1,200.00 per month until August 1, 1998, “at which time determination of further alimony, if any, will be made... . ” The reduction was not made retroactive to the date of fifing of Mr. Willis’s motion. In oral reasons for judgment the trial court specifically referred to the statutory guidelines for determining necessitous circumstances of the spouse seeking permanent alimony; noted that Mr. Willis’s past failure to pay the agreed-upon amount of alimony had put Mrs. Willis in the financial condition she was in; and encouraged Mrs. Willis to use the time before the cutoff date of the alimony to improve her position through' education and/or training for the job force.
*646 Mr. Willis appealed the judgment of the trial court, urging two errors: (1) awarding an amount of permanent alimony in excess of his former wife’s needs; (2) failing to make the reduction retroactive to the time of the filing of the motion to reduce. Our examination of the record convinces us the trial court’s judgment should not be disturbed.
A reduction in alimony may be granted when the payor can no longer give or the payee is no longer in, need, in whole or part. LSA-C.C. art. 232. The payor requesting a reduction bears the burden of proof to demonstrate a significant change in the financial condition of either himself or his wife so as to justify a reduction in the alimony which was previously ordered. Smith v. Smith, 95-1661, p. 2 (La.App. 1st Cir. 4/30/96), 674 So.2d 364, 365, writ denied, 96-1457 (La.9/20/96), 679 So.2d 435. An alimony award, once fixed, ^either by trial or by stipulation, is not subject to change unless a substantial change of circumstances in either party can be shown. Smith, 95-1661 at pp. 2-3, 674 So.2d at 365. The trial court’s determination of whether to reduce, increase, or continue the amount of alimony should not be overturned or modified by an appellate court absent a clear abuse of discretion. Dabney v. Dabney, 603 So.2d 786, 789 (La. App. 1st Cir.), writ denied, 607 So.2d 563 (La.1992).
Permanent alimony is awarded to a former spouse in need, and it is limited to an amount sufficient for the former spouse’s maintenance.[2] Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household maintenance, and income tax liability generated by alimony payments. Settle v. Settle, 25,643, p. 6 (La.App. 2nd. Cir. 3/30/94); 635 So.2d 456, 460, writ denied, 94-1340 (La.9/16/94), 642 So.2d 194.
Under the provisions of LSA-C.C. art. 112, the trial court shall consider: the income, means and assets of the spouses; the liquidity of those assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and any support obligation; and any other circumstances that the court deems relevant. Although a support claimant is not required to deplete his or her assets entirely before becoming eligible for support, he or she may be required, to deplete liquid assets to some extent, before being entitled to receive support payments. Dabney, 603 So.2d at 789. The court must apply a “rule of reasonableness” to all the relevant factors presented. Settle, 25,643 at p. 9, 635 So.2d at 461.
In the instant case the unrefuted affidavit of ineome and expenses filed into evidence by Mrs. Willis reveals a monthly deficit of $662.00. Although this amount is approximately half of the amount ordered by the trial court, we find it is nevertheless reasonable. The trial court noted that:
“he’s still making a substantial income of fifty-four hundred dollars [per month], and she’s apparently trying to improve her situation on her own, by working and gradually getting a little bit better job every time that she changes ^positions and making more.... [H]e’s not dependable, as far as alimony payments are concerned.
Looking at the matters that the Court can consider, according to the Code, ... the financial obligations of the spouses, including their earning capacity ... [t]he time necessary for recipient to acquire appropriate education, training, employment ... her earning capacity, in light of all other circumstances....
It is obvious the trial court recognized that Mr. Willis’s failure to the pay alimony in the *647 past had prevented Mrs. Willis from acquiring education or training to improve her job skills. The trial court specifically awarded her alimony for a limited time and instructed her to use the time well tó improve her condition, in obvious anticipation of a termination of alimony once she had the opportunity to acquire necessary skills.
Accordingly, we find no error in the award of $1,200.00 per month permanent alimony until August of 1998.
Likewise, we find the trial court’s decision not to make the reduction retroactive was a reasonable one. The trial court stated Mr. Willis did not deserve a retroactive reduction because such would reward him for not paying alimony while earning substantial sums in overseas employment. The trial court’s decision is totally reasonable and is not an abuse of discretion.
We affirm the trial court judgment and we cast appellant for costs of this appeal.
AFFIRMED.

. Although we are rejecting Mr. Willis's argument that the alimony should have been reduced further, we note that Mrs. Willis’s reliance on Favrot v. Barnes, 383 So.2d 403 (La.App. 4th Cir.) writ refused, 386 So.2d 95 (La.1980), is misplaced. She cites the case for the proposition that the issue of necessitous circumstances cannot be revisited after the first judgment awarding alimony, which is an erroneous statement of the holding. The appellate court held that the trial court must determine that a change in circumstances has occurred before it can re-open the prior determination of necessitous circumstances.