JjDUFRESNE, Judge.
Anna Ross Twiehell appeals a trial court judgment which reduced the permanent alimony previously awarded her. For the reasons set forth herein, we vacate and remand the matter for further action in accordance with this opinion.
Wallace Bruce Twiehell and Anna Ross Twiehell were married on March 22, 1975. After approximately twenty years of marriage, the parties separated in June of 1995. Mrs. Twiehell subsequently filed a petition for divorce which was granted on *958 February 5, 1998. In accordance with the consent agreement entered into between the parties, the divorce judgment ordered Mr. Twichell to pay Mrs. Twichell post divorce alimony in the sum of $1,500.00 per month “which payments will continue until she remarries or until defendant retires, whichever event occurs sooner, or as otherwise provided by law.”[1]
^Thereafter, in April of 1999, Mr. Twichell filed a rule to decrease permanent alimony based on a change of circumstances and more specifically a substantial decrease in his income. He filed an amended rule additionally alleging that Mrs. Twichell is no longer in necessitous circumstances because she is gainfully employed and is capable of full time employment. Mr. Twichell also asserted that his present alimony payment of $1,500.00 per month exceeds one-third of his net income which is not allowed by LSA-C.C. art. 112.
The matter was set to be heard on December 13, 1999. At that time, the parties were interviewed by a hearing officer who recommended a decrease in alimony to $1000.00 per month. The trial court accepted the recommendation of the hearing officer and granted an interim decrease in spousal support to $1000.00 per month, effective January 1, 2000. On December 13, 1999, the court also considered the issue of whether the income of Mr. Twich-ell’s current wife, Linda Twichell, would be considered in determining final spousal support. The trial court ruled that for purposes of adjudicating permanent spousal support, the income of Mr. Twichell’s current wife “shall not be considered income as defined in Louisiana Civil Code Article 112, which states that ‘alimony shall not exceed one-third Qk) of the obli-gor’s net income.’ Evidence of Linda Twichell’s income shall not be admitted and this issue will not be revisited at the trial of this matter.”
On March 16, and March 24, 2000, the court heard the rule to decrease spousal support filed by Mr. Twichell. After considering the law, | ¡¡evidence, and testimony presented, the court found that there had been a change in circumstances, specifically a decrease in the income of Wallace Twichell justifying a decrease in spousal support to Mrs. Twichell. The court ordered that Mr. Twichell pay spousal support to Mrs. Twichell in the amount of $1,000.00 per month retroactive to the date of filing of the rule until March 24, 2001. The judge further ordered that Mr. Twich-ell pay spousal support in the amount of $500.00 per month from March 24, 2001 until March 24,2002, and that on March 24, 2002, spousal support in favor of Mrs. Twichell shall terminate. From this judgment, Mrs. Twichell now appeals.
In her first assignment of error, Mrs. Twichell challenges her former husband’s authority to file for a reduction of support. Specifically, Mrs. Twichell filed an exception of no cause of action in this court contending that the consent alimony agreement entered into between the parties precludes Mr. Twichell from seeking a reduction or termination of alimony until either Mrs. Twichell’s remarriage or Mr. Twichell’s retirement. She claims that since neither of these triggering events has occurred, the alimony cannot be reduced or terminated.
Generally, spousal alimony is limited to not more than one-third of the obligor spouse’s income, is modifiable if the circumstances of either party change and terminates if unnecessary or the obli-gee spouse remarries or cohabitates with another person of either sex in the manner of married persons. LSA-C.C. arts. 112, 114 and 115. However, it is well settled that an agreement entered into between *959 the parties that restricts their statutorily-provided rights to modify the spousal alimony award, a non-modification clause, will be upheld and enforced by the courts. Megison v. Megison, 94-0152 (La.App. 5 Cir. 9/14/94), 642 So.2d 885. Whether or not the amount of alimony awarded through a consent judgment can be modified depends on the specific terms of the judgment. Bland v. Bland, 97 0329 (La.App. 1 Cir. 12/29/97), 705 So.2d 1158.
In this case, Mr. Twiehell agreed to pay Mrs. Twiehell $1,500.00 per month, “which payments will continue until she remarries or until defendant retires, whichever event occurs sooner, or as otherwise provided by law.” Although neither triggering event has occurred, her remarriage or his retirement, we find that the phrase “except as otherwise provided by law” was sufficient to give Mr. Twiehell authority to seek a modification of the amount of alimony due to Mrs. Twiehell.
Having determined that Mr. Twich-ell could seek a modification, we must now turn our attention to whether a reduction and subsequent termination of spousal support was justified. LSA-C.C. art. 114 provides for the modification or termination of support as follows:
An award of periodic support may be modified if the circumstances of either party change and shall be terminated if it becomes unnecessary. The subsequent remarriage of the obligor spouse shall not constitute a change of circumstance.
In addition, LSA-R.S. 9:311A provides that:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
An award of alimony cannot be modified in the absence of a change of circumstances. The party requesting the reduction bears the burden of proof to demonstrate a change in the financial condition of either himself or his wife, so as to justify a reduction in the alimony which the former court order required him to pay. An alimony award, once fixed, either by trial or [ 5by stipulation, is not subject to change unless a change of circumstances in either party can be shown. Roberts v. Roberts, 97-0368 (La.App. 5 Cir. 9/30/97), 700 So.2d 1099; Vest v. Vest, 579 So.2d 1190 (La.App. 5 Cir.1991). It is well settled that the trial court is vested with great discretion in making alimony determinations, and its rulings in that respect will not be disturbed. Middleton v. Middleton, 535 So.2d 466 (La.App. 5 Cir.1988).
In the present case, we find that Mr. Twiehell failed to prove a change of circumstances so as to justify a reduction in the amount of alimony which he previously agreed to pay. At the hearing on the rule to decrease and/or terminate, Mr. Twiehell testified that since February 5, 1998, when he entered into the agreement with Mrs. Twiehell, he has had a substantial reduction in his income because overtime work was no longer available. He testified that from 1997 through 1999, his income was reduced from approximately $90,000.00 to a little over $70,000. To support this testimony, Mr. Twiehell introduced his W-2 wage form and tax returns for 1997, which showed his income as $90,506.18, and his wage and tax returns for 1998 which showed his income as $83,235.52. Mr. Twiehell testified that his income in 1999 was $72,500.00; however, although he produced wage summaries for the year, he failed to produce either his W-2 or his income tax return for that year. Mr. Twiehell testified that he had his 1999 W-2 in his possession when this rule was tried, but that he left it home in his drawer unopened.
Moreover, we find that the trial judge erred in refusing to consider the income of Mr. Twichell’s current wife in making a determination of change of circumstances. In determining a contribut *960 ing spouse’s property and earnings for purposes of calculating alimony, income from all sources, [¿including that of the second spouse, should be taken into consideration because that spouse shares in the joint obligation to contribute to then-support and living expenses. Richardson v. Richardson, 93-575 (La.App. 3 Cir. 2/2/94), 631 So.2d 114. See also Baas v. Baas, 91-1715 (La.App. 4 Cir. 9/29/94), 643 So.2d 823.
In the present case, Mr. Twichell and his current wife did not file a prenuptial agreement to keep their respective property separate. Moreover, they filed a joint income tax return for 1998 which reported a gross income of $118,621.65. Certainly, the income of Mr. Twichell’s current wife would be a factor to consider in determining whether a change of circumstances has occurred.
Without considering Mr. Twichell’s 1999 tax return or the income of Mr. Twichell’s current wife, we find that the trial judge was unable to make a fully informed decision as to whether a change of circumstances had occurred. Therefore, we vacate the judgment of the trial court which reduced and then terminated the amount of spousal support due to Mrs. Twichell. We remand the matter for further proceedings, with instructions to the trial court to consider all factors relevant to a change of circumstances. In light of this decision, we find it unnecessary at this time to address any other issues raised by Mrs. Twichell in her appellate brief.
For the reasons set forth herein, we vacate and remand.

VACATED AND REMANDED.

. Mr. Twichell also agreed to pay $1,000.00 per month directly to his adult daughter until such time as she has obtained her undergraduate and graduate degrees. In addition, Mr. Twichell agreed to divide equally with Mrs. Twichell all retirement benefits acquired through his employment and held in a retirement trust account with Allegheny Teledyne. These two provisions of the consent agreement are not at issue in the present appeal.