2REMY CHIASSON, Judge Pro Tem.
Mrs. Robbie Lee Anderson Gardner appeals the trial court judgment reducing and then terminating her alimony payments. We affirm.
FACTS
Charles F. Gardner and Robbie Lee Gardner were divorced by judgment of divorce signed September 22, 1992. Mrs. Gardner was awarded alimony in the form and substance of payment of the matrimonial domicile mortgage note without claim for reimbursement ($653.85) and the sum of $950.00 per month until partition of the community property. The judgment was appealed by Mr. Gardner and affirmed by this court.
The community property partition was adjudicated on September 26,1995. Mr. Gardner appealed and the matter was affirmed on November 8,1996.
In the community property partition, the former matrimonial domicile was determined to be Mrs. Gardner’s separate inherited property; other community property was divided or ordered sold; Mrs. Gardner was deemed to owe Mr. Gardner $19,921.08 as an equalization payment, and Mrs. Gardner was to assume the mortgage payments on the home having a balance of $35,492.65. Qualified Domestic Relations Orders were issued by the court dividing an employment savings plan and retirement benefits.
On July 26, 1995, Mr. Gardner filed a motion seeking to terminate his alimony obligation to the plaintiff alleging as a change in circumstances the partition of community property. Mr. Gardner remarried shortly before the hearing on the motion and further alleged that his remarriage and assumption of additional finances associated with his wife’s household was an additional change of circumstances.
After trial the court, in its reasons for judgment, summarized the relative financial positions of the parties as follows:
*1155 [[Image here]]
After trial on the merits judgment was rendered on December 16, 1996 terminating the $635.85 mortgage note portion of the alimony obligation effective December 31, 1996 and continuing the $950.00 portion of the alimony obligation through April 30,1997 at which time the obligation would terminate.
The plaintiff appealed alleging that the trial court erred in (1) prospectively terminating plaintiffs alimony, (2) finding that defendant’s remarriage constituted a change of circumstances sufficient to justify termination of alimony, (3) finding that the adjudication of the matrimonial domicile as plaintiffs separate property constituted a change in circumstances in favor of terminating alimony, (4) considering plaintiffs early retirement benefits as a source of income, (5) considering non-liquid assets in terminating alimony, and (6) abusing its discretion in reducing and then terminating plaintiffs alimony award.
A reduction in alimony may be granted when the payor can no longer give or the payee is no longer in need, in whole or part. LSA-C.C. art. 232. The payor requesting a reduction bears the burden of proof to demonstrate a significant change in the financial condition of either himself or his wife so as to justify a reduction in the alimony which was previously ordered. Smith v. Smith, 95-1661, p. 2 (La.App. 1st Cir. 4/30/96), 674 So.2d 364, 365, writ denied, 96-1457 (La.9/20/96), 679 So.2d 435. An alimony award, once fixed, either by trial or by stipulation, is not subject to change unless a substantial change of circumstances in either party can be shown. Smith, 95-1661 at p. 2-3, 674 So.2d at 365. The trial court’s determination of whether to reduce, increase, or continue the amount of alimony 14shouId not be overturned or modified by an appellate court absent a clear abuse of discretion. Dabney v. Dabney, 603 So.2d 786, 789 (La. App. 1st Cir.), writ denied, 607 So.2d 563 (La.1992).
In plaintiffs first assignment of error she contends that the court erred in prospectively terminating the alimony after the end of April 1996, the month in which she became eligible to receive early retirement benefits from the defendant’s retirement fund. Plaintiff cites Hegre v. Hegre, 483 So.2d 920 (La.1986), in support of her argument that the court cannot prospectively terminate alimo *1156 ny. We do not find the Hegre case applicable to the instant ease. In Hegre, the court reversed the appellate court’s prospective termination of alimony after one year finding that “[t]here is no basis to support the arbitrary one year cut-off period- Nothing indicates that a one year period would allow Beverly Hegre to obtain ‘appropriate education, training or employment’.” Id. at 924. We do not believe that Hegre stands for the proposition that any prospective termination of alimony is legal error. In the instant case the trial court continued a portion of the plaintiffs alimony until such time as she would be eligible to receive early retirement benefits. We find no error in the trial court’s continuation of a portion of plaintiffs alimony through the end of April 1996.
Next the plaintiff contends that the trial court erred in finding that the defendant’s remarriage and his additional expenses constituted a sufficient changes in circumstances to justify termination of alimony. The trial court made the following factual findings regarding defendant’s remarriage:
The Court finds that there has been a change in the circumstances of these parties.
(1) Mr. Gardner has remarried and has assumed some additional financial obligations. The extent of the obligations which he recently assumed, however, must be weighed by necessity, reasonableness, and the finances of his new spouse.
It is clear from the court’s reasons that the court weighed the evidence based upon reasonableness. Although the husband’s remarriage and additional financial expenses alone may not constitute a change in circumstances sufficient to justify termination of alimony, we cannot say that the trial court erred in considering the defendant’s remarriage and his additional financial obligations in determining the overall change in circumstances between the parties.
| ¿Plaintiffs remaining assignments challenge the trial court’s determinations regarding property owned by the plaintiff. The plaintiff contends that the trial court erred in finding a change in circumstances in favor of terminating alimony based upon her ownership of the family home, her eligibility to receive early retirement benefits, and her ownership of $281,000.00 in an IRA account. Plaintiff argues that her obligation to pay the remaining mortgage which had previously been paid by the defendant as part of his alimony obligation militates against any benefits of owning the home. She further contends that she should not be forced to take a reduced early retirement or to deplete her IRA account to support herself.
Permanent alimony is awarded to a former spouse in need, and it is limited to an amount sufficient for the former spouse’s maintenance. Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household maintenance, and income tax liability generate by alimony payments. Settle v. Settle, 25,643, p. 6 (La.App. 2nd Cir. 3/30/94); 635 So.2d 456, 460, writ denied, 94-1340 (La.9/16/94), 642 So.2d 194.
Under the provisions of LSA-C.C. art. 112, the trial court shall consider the income, means and assets of the spouses, the liquidity of those assets, the financial obligations of the spouses, including their earning capacity, the health and age of the parties and any other circumstances that the court deems relevant. Although a support claimant is not required to deplete their assets entirely before becoming eligible for support, he or she may be required to deplete liquid assets to some extent, before being entitled to receive support payments. Dabney, 603 So.2d at 789. The court must apply a “rule of reasonableness” to all the relevant factors presented. Settle, 635 So.2d at 461.
It is clear that the trial court did not rely solely on any one factor in determining that there was a sufficient change in circumstances regarding the plaintiffs financial status from the time alimony was originally awarded. The plaintiff was 55 at the time of trial and had been employed on and off as an elementary school teacher for 22 years. At the time of trial she was employed at a private school earning $1525.00 per month. The plaintiff is in good health and has no children to support. Since the partition of *1157 community property plaintiff now owns the former marital home, $281,000.00 in an IRA account, $29,000.00 in savings, an undivided l/6th interest in 600 acres of land which produced approximately $40,000.00[2] in 16income in the two years previous to trial. The plaintiff became eligible for early retirement benefits in April 1996. The plaintiffs debts consist of a $19,492.65 equalization payment to Mr. Gardner, $29,000.00 note for her automobile and $35,492.65 mortgage balance for her home. Considering all the income, means, and assets of the plaintiff, we find no abuse of discretion by the trial court in reducing and then terminating the plaintiffs alimony award.
For the reasons set forth, we affirm the judgment of the trial court in all respects. Costs of this appeal are assessed against Mrs. Robbie Lee Anderson Gardner.
AFFIRMED.

. Plaintiffs $29,000.00 savings account represents a portion of the timber income plaintiff received.