716 So.2d 472 (1998)
The PARISH OF JEFFERSON, The East Jefferson Park and Community Center and Playground District of the Parish of Jefferson and The Jefferson Parish Council
v.
The LAFRENIERE PARK FOUNDATION, et al.
Nos. 98-CA-146, 98-CA-147.
Court of Appeal of Louisiana, Fifth Circuit.
July 28, 1998.
Rehearing Denied September 17, 1998.
*473 Thomas P. Anzelmo, Adrian F. Lapeyronnie, III, Catherine M. Williams, Geoffrey J. Orr, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Plaintiffs/Appellees.
A. Bruce Netterville, Gretna, and Robert T. Garrity, Jr., Richard E. Anderson, Harahan, for Defendants/Appellants.
Before DUFRESNE and GOTHARD, JJ., and ROBERT M. MURPHY, J. Pro Tem.
GOTHARD, Judge.
This action began on October 22, 1996 with a petition for temporary restraining order, preliminary injunction, declaratory judgment, and/or breach of contract filed by Jefferson Parish, the East Jefferson Park and Community Center and Playground District of Jefferson Parish, and the Jefferson Parish Council. Made defendants in the suit were the Lafreniere Park Foundation (Foundation),Thomas Chambers, president of the Foundation, and Carol Berlier, Executive Director of the Foundation. The petition seeks a judgment declaring that the funds and assets presently held by the Foundation must be spent exclusively on Lafreniere Park, and ordering the funds immediately transferred to an escrow account. The petition also seeks the necessary injunctive relief to secure the funds in controversy. In accordance with the prayer in the petition, the trial court issued a temporary restraining order, and scheduled the request for a preliminary injunction for hearing on October 29, 1996.
*474 The Foundation filed a motion to dissolve the temporary restraining order, an exception of no right of action, and an answer to the petition which asserted a reconventional demand against plaintiffs for "wrongful deprivation of its property, public humiliation, loss of reputation and damage to its good name in the community". On November 22, 1996, the exception of no right of action and the motion to dissolve the temporary restraining order were denied, and the order was extended. The Foundation filed an application for supervisory writs to this Court seeking review of that decision. After review, this Court denied writs.[1] Upon review, the Supreme Court upheld the decision of this Court, but ordered the trial court to conduct the hearing on the preliminary injunction by January 24, 1997.[2] On that date, the parties reached an agreement which was read into the record in which the plaintiffs agreed to dissolve the temporary restraining order. In return, the Foundation agreed that, "all funds and assets held in control by Lafreniere Park Foundation shall only be expended on Lafreniere Park in the normal and lawful business and operating expenses of the Foundation, including professional fees that were capable of being expended prior to August 28 th, 1996. The sum of $325,000 will be reserved exclusively for part (sic) expenditures". The agreement also provided that trial on the merits of the entire case would be set for February 27, 1997.
The trial was not held on February 27, 1997 as agreed, and was apparently continued several times, although the reasons for the continuances are unclear from the record. The record contains only one Motion for Continuance filed by the plaintiffs on March 31, 1997. In that motion, the plaintiffs contend that a continuance was necessary because defendants filed an action in Federal Court which involves similar issues and discovery. A copy of the complaint is attached to the Motion for Continuance.
On October 31, 1997, the plaintiffs filed a Petition for Writ of Quo Warranto against the Foundation alleging that an amendment to the Foundation's Articles of Incorporation were adopted illegally. In the petition, the Parish objects to an August 28, 1996 amendment to the Articles of Incorporation of the Foundation which changed the Foundation's stated purpose of raising funds exclusively for the benefit of Lafreniere Park to allowing the expenditure of funds to support "recreational facilities located on the Eastbank of Jefferson Parish through the solicitation of community support and contributions, for the capital improvements of said facilities and their horticultural and recreational activities". The Foundation filed an Exception of No Right of Action and an answer. The matters were consolidated for trial.
After a trial on the merits of both actions, the trial court issued several judgments. In the original suit for injunctive relief, the court rendered a declaratory judgment in favor of the plaintiffs, ruling that the funds and assets presently held or controlled by the Foundation shall only be expended on Lafreniere Park. That judgment also ordered that all funds and assets presently held or controlled by the Foundation be transferred into the registry of the court within seven days of the trial date, and further, that the Foundation submit all books and records to the Parish for an accounting to be prepared by the Parish and submitted to the court. The judgment also permanently enjoined the defendants from disbursing any funds to any organizations, charitable or otherwise, other than to the Parish of Jefferson for the benefit of Lafreniere Park. The ruling also dismissed the reconventional demand of the Foundation with prejudice.
In the action for a Writ of Quo Warranto, the court denied the exception of no right of action and issued the writ, declaring the amendments to the Articles of Incorporation at issue to be null and void and without effect. That judgment further prohibits the Foundation from acting in any manner inconsistent with its original Articles of Incorporation as adopted on September 23, 1980.
On November 24, 1997, counsel for the Foundation deposited three checks totaling *475 $48,840.95. Defendants filed timely appeals in both actions.
Evidence adduced at trial consisted mostly of documentary evidence introduced by stipulation of the parties. The record shows that the Foundation was incorporated in 1980 as a non-profit organization. The purpose of the organization as stated in article IV of the original Articles of Incorporation is the:
development of Lafreniere Park, Jefferson Parish, Louisiana through its active solicitation of public support for the development, beautification and improvement of said Park through financial contributions toward the capital improvements, and maintenance of the Park, including horticultural and recreational facilities to lessen the burden of government, and promote the development of a community facility.
Article IV of the original Articles of Incorporation was amended in 1981 to read as follows:
This corporation is organized exclusively for the charitable purpose of providing public support to Lafreniere Park, a public park operated by the Parish of Jefferson, Louisiana, through the solicitation of community support and contributions for the capital improvements of the Park, and its horticultural and recreational activities.
Subsequently on August 28, 1996, after the suit for declaratory judgment was filed by the Parish, the Foundation again amended article IV to read as follows:
This corporation is organized exclusively for the charitable purpose of providing public support to recreational facilities located on the Eastbank of Jefferson Parish through the solicitation of community support and contributions, for the capital improvements of said facilities and their horticultural and recreational activities.
As previously stated, it is that last amendment which prompted the Petition for Writ of Quo Warranto.
In the minutes of the meeting of the Foundation at which the resolution to make the final amendment was passed, it is stated "(a) resolution to amend Article IV of the Articles of Incorporation of the Lafreniere Park Foundation, to remove the exclusivity of the purpose of the corporation to raise funds solely for the purpose of Lafreniere Park". The resolution also states "(w)hereas, the Lafreniere Park Foundation has been engaged in fund raising efforts exclusively for Lafreniere Park". Thus, it is clear from the Foundation's own records that it considered its mission to expend money exclusively on Lafreniere Park. The Foundation also applied for and received a gaming permit to conduct bingo games "to generate funds for improvements in Lafreniere Park" in 1992.
Documentary evidence introduced at trial shows that from 1982 until 1992, the Parish entered into several written agreements with the Foundation to provide financial support which totaled $798,950.00. It is clear from these agreements that the funds disbursed to the Foundation were to be used for capital improvements to the Park. It was stipulated at trial that everything given to the Foundation by the Parish as part of these cooperative agreements was expended on capital items except the final $75,000.00, which remains in a Certificate of Deposit held by the Foundation.
Apparently, the Foundation and the Parish government cooperated on the development of the Park effectively until approximately August, 1996. Although it is not clear from the record what sparked the tension between the parties, it is clear that the Parish attempted to get the approximately $410,000.00 in assets held by the Foundation at that time for use in the Park.
Plaintiffs offered the testimony of only one witness. Melvyn Fourmaux, who was appointed a special process server because attempts by the sheriff to serve Tom Chambers and Carol Berlier with notice of trial were unsuccessful, testified that he was also unsuccessful in his attempts to serve Mr. Chambers and Ms. Berlier. At the conclusion of the offering of documentary evidence and stipulations, plaintiffs rested.
The defendants offered testimony from Philip Rebowe, a certified public accountant, and a former member of the board of directors of the Foundation. Mr. Rebowe is now a member of the Patrons of Lafreniere Park, a competing group to the Foundation. He testified that he served on the board of *476 the Foundation from January, 1995 until January, 1997, and was treasurer of the organization. During that time he compiled the financial statements of the Foundation and prepared the tax forms. During his tenure with the Foundation, he received a subpoena from the District Attorney's office to produce the Foundation's books and financial records. In compliance with the subpoena, Mr. Rebowe produced three file boxes of records, which represented all of the records in his possession. Mr. Rebowe confirmed the fact that the Foundation maintains its status as a tax-exempt organization with the Internal Revenue Service. Mr. Rebowe also stated that he was not aware of any donations made during his tenure by the Foundation to any non-profit organizations or charities other than Lafreniere Park.
On cross-examination, Mr. Rebowe stated that it was his understanding that the exclusive purpose of the Foundation was to raise money for capital improvements at Lafreniere Park. Mr. Rebowe reviewed the tax records of the Foundation for the years 1996 and 1997, which show that the Foundation paid a total of $114,000.00 in legal fees to Mr. Robert Garrity.
It is apparent from documents contained in the record that the Foundation had approximately $410,000.00 in total assets at the time suit was filed in October, 1996. However, after judgment was rendered the Foundation deposited less than $49,000.00 in the registry of the court in accordance with the trial court's order.
In the appeal of the judgment on the merits of the petition for injunctive relief, the Foundation assigns five errors:
1. The trial court erred in finding that the Foundation's Articles of Incorporation specifically dedicated all revenues and resources exclusively for Lafreniere Park.
2. The trial court erred in finding that the Articles of the Foundation created a contractual relationship between the Foundation and the public.
3. The trial court erred in denying the defendants' Exception of No Right of Action relating to Jefferson Parish's status as a third party beneficiary of donations made by the public to the Foundation.
4. The trial court erred in finding that the plaintiffs sustained their burden of proof that Jefferson Parish was a third party beneficiary of donations made by the public to the Foundation.
5. The trial court erred in finding that the plaintiffs sustained their burden of proof that they were entitled to a permanent injunction against the defendants prohibiting them from disbursing any funds of the Foundation to any one other than Jefferson Parish.
In support of its first assignment of error, the Foundation cites Article IV of its Articles of Incorporation as it existed at the time this action was filed. That article states:
This corporation is organized exclusively for the charitable purpose of providing public support to Lafreniere Park, a public park operated by the Parish of Jefferson, Louisiana, through the solicitation of community support and contributions for the capital improvements of the Park, and its horticultural and recreational activities.
The corporation shall apply these funds exclusively to the use and benefit of the Park, in so far as practicable, by assisting the governing authority of the Park in the development and the use of park facilities and in research and study projects furthering, this purpose.
The Foundation contends the phrase "in so far as practicable" in the second paragraph of the above cited article precludes a ruling by the trial court that the organization was required to expend all of its revenues on the park.
Using a common sense approach and applying common usage to the language in the Articles of Incorporation, it is clear that the sole, and exclusive purpose of the Foundation is to generate funds for Lafreniere Park. We find no error in the trial court's declaratory judgment in that regard. We understand that non-profit organizations have administrative expenses which must be taken into consideration. However, we do not find the trial court's ruling to be inconsistent with this premise. Here the trial court fashioned a judgment which would allow the *477 Foundation to achieve its stated purpose and still meet its obligations. The court ordered the Foundation to deposit its assets in the registry of the court and to expend the money on Lafreniere Park. However, there is a provision in the judgment which provides that all expenditures must be approved by the court. We believe that provision is sufficient to allow the Foundation to pay any legitimate administrative expense upon request for approval by the court. Consequently, we find no merit in this assignment.
The Foundation argues that the trial court erred in denying its Exception of No Right of Action. In that regard the Foundation takes issue with several reasons for that ruling as set out in the trial court's Reasons for Judgment. Specifically, the trial court found that the plaintiffs herein have a right of action based on the cooperative endeavor agreements entered into between the parties. The court further found that the "Articles of Incorporation of the Foundation specifically dedicate all revenues and resources exclusively for the benefit of Lafreniere Park, creating a contractual relationship between itself and its donors, which contracts benefit Lafreniere Park". Additionally, the court found that the plaintiffs, as owner, operator and governing authority of Lafreniere Park are third party beneficiaries of all donations made to the Foundation.
The Foundation objects to the findings that the Articles of Incorporation created a contractual relationship between the Foundation and the public, and that the plaintiffs are third party beneficiaries of the donations made to the Foundation.
The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Wallace v. Nathan, 96-119 (La.App. 5 Cir. 7/30/96), 678 So.2d 595, 597. LSA-C.C.P. article 681 provides that "(e)xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts". In our determination of whether a plaintiff has a right of action, we must look at whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether plaintiff has an interest in judicially enforcing the right asserted. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888; Parish of Jefferson v. City of Kenner, 96-73 (La.App. 5 Cir. 5/15/96), 675 So.2d 1177, 1179, writ denied 96-1563 (La.9/27/96), 679 So.2d 1346.
We believe the record is sufficient to show that the plaintiffs and the Foundation entered into several cooperative agreements for the benefit and development of the park, and that the plaintiffs gave money grants for that purpose to the Foundation, which have not yet been expended on the park. It is also undisputed that the plaintiffs are the owners and operators of the park in question. We believe those facts are sufficient to defeat the Foundation's exception of no right/no cause of action.
Because we find the plaintiffs, as owners and operators of the Park and as parties to several cooperative agreements with the Foundation, have a right of action to bring this lawsuit, we pretermit any discussion of the Foundation's argument as to the relationship between it and its donors, and of the finding that plaintiffs are third party beneficiaries.
In its final assignment of error, the Foundation argues the plaintiffs failed in their burden of proof to show irreparable injury to obtain a permanent injunction. LSA-C.C.P. article 3601 provides in part that "(a)n injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law". The issuance of a permanent injunction takes place only after a trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather than a prima facie showing. Foret v. Terrebone, Ltd., 93-676 (La.App. 5 Cir. 1/25/94), 631 So.2d 103. Proof by a preponderance of the evidence means that, taking the evidence as a whole, such proof shows that a fact sought to be proved is more probable than not. Roberts *478 v. Roberts, 97-368 (La.App. 5 Cir. 9/30/97), 700 So.2d 1099.
Our standard of review of the issuance of a permanent injunction is the manifest error standard. Pogo Producing Company v. United Gas Pipe Line Co., 511 So.2d 809 (La.App. 4 Cir.1987), writ denied, 514 So.2d 1164 (La.1987); Foret v. Terrebone, Ltd., supra. Here the evidence shows that the Foundation was established for the sole purpose of soliciting and raising funds for the exclusive use and benefit of Lafreniere Park. The Foundation entered into several cooperative endeavors with the Parish to receive grant money in excess of $798,000.00 toward the furtherance of that stated purpose. It is clear from the record that $75,000.00 has been retained by the Foundation and not used for the benefit of Lafreniere Park. It is also clear from the record that at the time of the filing of this action, the Foundation had a substantial sum of money raised on the pretext of improving the park which has now been reduced to about $49,000.00. Considering these facts, we cannot find the trial court erred in granting the permanent injunction to protect the funds donated and raised by the Foundation for the benefit of Lafreniere Park.
On appeal of the grant of the Writ of Quo Warranto, defendants do not challenge the merits of the judgment granting the writ, rather they assert that the trial court erred in denying the exception of no right of action to the petition. Accordingly, our review will be limited to the issue of whether plaintiffs have standing to bring this action, and will not comment on the appropriateness of the judgment of the trial court as it relates to the merits.
Defendants maintain that only a member, shareholder, director, or officer of a corporation has standing to bring a Writ of Quo Warranto. Consequently, they reason that the plaintiffs herein have no right to bring this action. LSA-C.C.P. article 3901 defines the quo warranto as a "writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers". LSA-C.C.P. article 3902 provides in pertinent part that "(w)hen the court finds that a corporation is exceeding its powers, the judgment shall prohibit it from doing so". There is nothing in either article to limit the cause of action to shareholders of the corporation.
We find that in the instant case, the plaintiffs have a real and actual interest in the action. The plaintiffs own Lafreniere Park, the betterment of which is the sole purpose for the existence of the Foundation. If the Foundation is allowed to amend the Articles of Incorporation during the pendency of the action for injunctive relief, the Parish may lose funds advanced to the Foundation for exclusive use at Lafreniere Park, as well as those funds solicited from the public for that purpose. Accordingly, we find no error in the trial court's ruling which denied the exception of no right of action.
For the foregoing reasons, we affirm the ruling of the trial court.
AFFIRMED.
NOTES
[1] 96-C-1011, December 3, 1996.
[2] 96-CC-3100, January 10, 1997.