905 So.2d 431 (2005)
LOUISIANA SHRIMP ASSOCIATION
v.
WAYNE ESTAY & WAYNE ESTAY SHRIMP CO.
No. 05-CA-29.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
*432 L. Stephen Cox, Lafitte, Louisiana, for Plaintiff/Appellant, Louisiana Shrimp Association.
J. Patrick Connick, Metairie, Louisiana, for Defendants/Appellees, Wayne Estay and Wayne Estay Shrimp Co., Inc.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
This is a suit by Louisiana Shrimp Association (hereafter "LSA") against Wayne Estay and Wayne Estay Shrimp Co., Inc. (hereafter collectively called "Estay") to obtain funds that LSA claims Estay collected on its behalf, but failed and/or refused to disburse to it. The trial court dismissed the suit on Estay's exception of no right of action. LSA appeals. We affirm.
In its petition, LSA states it is a nonprofit corporation that has administered a fundraising plan called the "Penny-a-Pound Program" since May 2002. Under the Penny-a-Pound Program, participating shrimp fishermen fund the organization's activities on their behalf by contributing a penny per each pound of shrimp sold at Louisiana shrimp docks. According to LSA, the money is typically collected by the individual dock owners and forwarded to LSA.
The petition makes the following allegations: From July 2003 to December 2003 Estay collected funds from participating shrimpers that totaled approximately $20,000.00. At all pertinent times, the funds collected by Estay were collected on behalf of LSA pursuant to the Penny-a-Pound *433 Program and were the property of LSA. On or about March 30, 2004, Estay notified LSA that they were refusing to remit the funds. LSA asserted that Estay's actions constitute theft and conversion of funds owned by LSA. LSA sought recovery from Estay of all the outstanding funds collected pursuant to the Penny-a-Pound Program.
In response Estay filed exceptions of no right of action and no cause of action, asserting that LSA never owned or had the right to possess the funds collected by Estay from Louisiana shrimpers for the Penny-a-Pound Program, and because the funds were returned to the shrimpers from whom they had been collected, no claim for either conversion or theft of the funds could be made. Estay also filed an exception of vagueness.
In support of the exceptions Estay filed the affidavit of Donna Estay, who stated as follows: She is the wife of Wayne Estay and works for Wayne Estay Shrimp Company, Inc. On May 11, 2002 she began collecting funds for the Penny-a-Pound Program at the request of the fishermen participating in the program. The purpose of the Penny-a-Pound Program was to create a fundraiser to obtain funds for the shrimp industry to fight the cheap price of imports and it was her understanding that any funds obtained would be used for filing an anti-dumping suit.
Donna Estay stated further that she was never given any information concerning the formation of LSA. No contract, either verbal or written, was ever entered into with LSA providing for their participation in the Penny-a-Pound Program. She understood that the fund given to LSA in September 2002, December 2002, and July 2003 would be used to support the Southern Shrimp Alliance ("SSA") in funding an anti-dumping suit. Although LSA sent funds to SSA in 2002, it failed to send any funds to SSA in 2003. The Penny-a-Pound Program funds collected by Wayne Estay and herself from July 1, 2003, through December 31, 2003 were returned to the fishermen participating in the program, at their request.
Donna Estay's affidavit stated further that neither she nor Wayne Estay was under any obligation to collect the Penny-a-Pound Program funds from the participating fishermen. LSA had not been formed at the time she and Wayne Estay began collecting funds for the Penny-a-Pound Program. Wayne Estay was neither employed by LSA nor had any agreement with LSA to collect the Penny-a-Pound Program funds. LSA has no ownership rights to the Penny-a-Pound Program or the funds collected on its behalf. There was never any agreement formed between Wayne Estay Shrimp Company, Inc. and LSA that gave LSA the right to participate in the Penny-a-Pound Program or to take possession of funds being held on behalf of the fishermen participating in the program.
In opposition to the exceptions, LSA filed an affidavit of Alton S. Fabre, who stated as follows: He is President of Louisiana Shrimp Association. On or about May 11, 2002 LSA established a fundraising program on behalf of its members, called the Penny-a-Pound Program. The Penny-a-Pound Program allowed Louisiana shrimp harvesters to contribute a penny to LSA in support of its activities on their behalf for each pound of shrimp sold at the dock. The funds contributed to the Penny-a-Pound Program were to be collected by the individual docks and forwarded to LSA in their entirety. Until December 2003, Wayne Estay Shrimp Co. agreed to collect funds from participating shrimpers, forwarding the same to LSA, but Estay has failed to remit funds collected *434 under the Penny-a-Pound Program since January 2004.
LSA argued that an implied agency relationship arose between LSA and Estay: "Given the fact that the Louisiana Shrimp Association instituted and continues to administer the `Penny-a-Pound Program,' and considering the defendants' lengthy participation as a conduit for funds donated under the program, it is clear that the defendants took on the role as implied agents of the Louisiana Shrimp Association." LSA asserts that it instituted and administered the Penny-a-Pound Program, which it contends entitle LSA to recover the donations made by individual shrimpers through the Penny-a-Pound Program.
After a hearing, the trial court rendered a judgment that incorporated its reasons. The court found that LSA does not have an ownership right in the funds collected by Estay from the Louisiana shrimpers for the Penny-a-Pound Program. Although the collected funds had been turned over to LSA in the past, the court stated, there was no agreement or contract between the Louisiana shrimpers and LSA that gave LSA "direct, immediate, and exclusive authority" over the funds. Accordingly, the court granted the exception of no right of action.
The court did not rule on the other exceptions, finding them moot due to the ruling on the first exception. LSA appeals.
The basis for the exception of no right of action is La.C.C.P. art. 681, which states: "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Parish of Jefferson v. Lafreniere Park Foundation, 98-146, pp. 10-11 (La.App. 5 Cir. 7/28/98), 716 So.2d 472, 477.
Unlike the no cause of action exception, evidence is admissible to support or controvert the objection of no right of action when the grounds thereof do not appear from the petition. La.C.C.P. art. 931; Morris v. Rental Tools, Inc., 435 So.2d 528, 531 (La.App. 5 Cir.1983).
In determining whether a plaintiff has a right of action, the court must look at whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether plaintiff has an interest in judicially enforcing the right asserted. Parish of Jefferson v. Lafreniere Park Foundation, 98-146 at pp. 10-11, 716 So.2d at 477.
Here, Estay, which as exceptor had the burden of proof, established that it began collecting donations for the Penny-a-Pound Program from shrimpers at the shrimpers' request and that there was no contract, either verbal or written, between Estay and LSA regarding participation in the program. Estay also established that the funds collected between July 1, 2003 and December 31, 2003 were returned to the donors at the donors' request.
The only thing that LSA established is that it is a nonprofit association, that it administered the Penny-a-Pound Program, and that the program was funded by donations from shrimp fishermen.
LSA failed to show any legal basis for its claim against Estay; it failed to establish any agreement, either explicit or implicit, between LSA and Estay that gave LSA the right to demand that funds be turned over to it. Similarly, LSA did not establish any agreement between itself and *435 the shrimpers whose donations comprised the funds that LSA seeks. Nor has LSA proven a valid basis for its claim that by collecting funds previously for the Penny-a-Pound Program, Estay became an agent of LSA.
Further, LSA's argument that the trial court erred in making factual determinations in ruling on the exception is misplaced. It is in ruling on a motion for summary judgment that a court is prohibited from making factual determinations, because the basis of summary judgment is that there are no genuine issues of material fact. On an exception of no right of action, however, it is not only appropriate, but necessary for the court to make factual determinations. Without finding facts as the plaintiff's right to bring the lawsuit, the court would be unable to rule on the exception.
Accordingly, we affirm the trial court's ruling.
Finally, we note that Estay has requested sanctions for frivolous appeal be imposed on the appellant. An appellee who seeks damages against the appellant must file an answer to the appeal, stating the relief demanded, within 15 days after the return day or the lodging of the record, whichever is later. La.C.C.P. art. 2133. Because Estay did not file an answer to the appeal seeking damages for frivolous appeal, the request for sanctions is moot.
For the foregoing reasons, the judgment is affirmed. All costs are assessed against the plaintiff-appellant, Louisiana Shrimp Association.
AFFIRMED.