WINDHORST, J.
*874 Appellant/plaintiff, Lynn Dupree as executrix of the Succession of Marjorie Blake, seeks review of the district court's judgment granting appellees/defendants, Paul Juarez and the unopened succession of Gayan Shell Juarez's, exception of prescription and dismissing with prejudice plaintiff's petition to annul a judgment terminating the community of acquets and gains between Paul Juarez and Gayan Shell and establishing a separation of property regime. The district court also ruled that defendants' exceptions of no right of action and no cause of action were moot. For the reasons stated herein, we vacate the district court's judgment and grant appellees' exceptions of no right and no cause of action.
FACTS AND PROCEDURAL HISTORY
On March 21, 2000, Paul L. Juarez and Gayan Shell Juarez filed a joint petition to terminate their legal matrimonial regime and enter into a separation of property regime ("petition to terminate"). On that same day, the trial court signed a judgment terminating the community of acquets and gains between Paul L. Juarez and Gayan Shell and establishing a separation of property regime in accordance with La. C.C. art. 2329.
Paul Juarez and his now deceased wife, Gayan Shell Juarez, were caretakers for Marjorie Blake for approximately seven or eight years. According to certain lawsuits filed on behalf of Ms. Blake, Paul and Gayan Juarez allegedly stole money from Ms. Blake prior to her death and diminished her estate. On June 5, 2018, Lynn Dupree, in her capacity as independent dative executrix of the Succession of Marjorie Blake, filed this suit, a petition to annul judgment, against Paul Juarez, seeking (1) to nullify the March 21, 2000 judgment that terminated the community of acquets and gains between Paul Juarez and Gayan Shell based on fraud; (2) to re-establish the community of acquets and gains, which existed prior to that judgment; (3) to appoint an attorney to act as the administrator of the Succession of Gayan Shell Juarez, who died on September 20, 2015; and (4) reasonable attorney's fees under La. C.C.P. art. 2004.
In the petition to annul, Ms. Dupree on behalf of Ms. Blake's succession asserted that the allegations set forth in the petition to terminate were based on fraud and that the judgment terminating the community should be nullified. Specifically, Ms. Dupree alleged that the representation in the petition to terminate that Paul and Gayan Juarez were gainfully employed full-time and capable of paying their own separate debts was fraudulent. In making this allegation, Ms. Dupree relied on a letter from Mr. Juarez to the Department of Social Services, in which he sought disability benefits because he was completely unemployed as of September 23, 1996 due to a stroke he suffered in 1994.
According to the petition to annul, Ms. Dupree filed three other related actions on behalf of Ms. Blake's succession, including (1) a revocatory action against Paul Juarez, Elicia Claire and/or Lauren Elaine Juarez, seeking to set aside a trust agreement wherein Paul and Gayan Juarez transferred their family residence at 1808 Lake Michigan Drive, Harvey, Louisiana, to The Paul and Gayan Juarez Family Trust on January 27, 2015; (2) a breach of fiduciary duty claim against Paul Juarez, while acting in his capacity as agent under a Power of Attorney allegedly executed by the decedent, Marjorie Blake; and (3) a claim based upon conversion and fraud against Paul and Gayan Juarez.
On July 10, 2018, defendants filed exceptions of no right of action, no cause of action, and prescription, seeking dismissal of the petition to annul. Defendants argued *875 that Ms. Dupree had no right of action because neither Ms. Dupree on behalf of Ms. Blake's succession nor Ms. Blake was a party to the separation of property agreement or a creditor of the matrimonial regime that was terminated. Defendants further argued that Ms. Dupree had no cause of action because the challenged judgment did not result in the deprivation of a legal right in that she was not a party to the judgment or a creditor of the community that was terminated. Finally, defendants argued that the petition to annul was prescribed because Ms. Dupree was aware of the facts upon which the petition is based in 2015, but did not file suit until 2018, well beyond the one-year prescriptive period set forth in La. C.C.P. art. 2004.
After a hearing, the district court granted the exception of prescription and dismissed the petition to annul with prejudice, and ruled that the exceptions of no right of action and no cause of action were moot. Ms. Dupree, on behalf of Ms. Blake's succession, appealed this judgment.
LAW AND ANALYSIS
Appellant asserts that the district court erred in not finding that the March 21, 2000 judgment terminating the Juarez's community regime and approving their matrimonial agreement establishing a separate property regime was an absolute nullity, and in finding that the action to annul the judgment was prescribed. Appellant also asserts that the district court applied an improper burden of proof in granting the exception of prescription.
Although the trial court addressed the exception of prescription and found the exceptions of no cause of action and no right of action moot, we find that in order to determine the applicable prescriptive period, the type of action being asserted must first be determined. Here, there is an issue as to whether this action should be considered a petition to annul under La. C.C.P. art. 2004, a petition for absolute nullity under La. C.C. art. 2030, or a petition for a relative nullity under La. C.C. art. 2031. We therefore initially decide the exceptions of no cause of action and no right of action. An appellate court may, on its own, take notice of and address the lack of a right of action and a cause of action. La. C.C.P. art. 927(B). Teachers' Ret. Sys. of Louisiana v. Louisiana State Employees' Ret. Sys., 456 So.2d 594, 598 (La. 1984). Because, for the reasons which follow, we find that appellant has no right of action and states no cause of action, it is unnecessary for us to determine which prescriptive period applies and whether it was exceeded.
Exception of No Right Action
La. C.C.P. art. 681 provides that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Louisiana Shrimp Ass'n v. Wayne Estay & Wayne Estay Shrimp Co., 2005-29 (La. App. 5 Cir. 5/31/05), 905 So.2d 431, 434. In determining whether a plaintiff has a right of action, the court must consider whether plaintiff has an interest in judicially enforcing the right asserted. Id.
In the present case, Ms. Dupree filed suit in her capacity as independent dative executrix of Ms. Blake's succession, seeking to annul a judgment and agreement regarding the matrimonial regime of Paul and Gayan Juarez. Neither Ms. Dupree nor Ms. Blake was a party to the action in which the March 21, 2000 judgment was rendered or the separation of *876 property agreement that was approved by that judgment. In addition, Ms. Dupree (as executrix for the succession) and Ms. Blake were also not creditors of either Paul or Gayan Juarez at the time of the judgment nor are they currently. There is nothing in the record to show that Ms. Dupree or Ms. Blake have a legal right or interest entitling them to seek to annul the March 21, 2000 judgment.
Because Ms. Dupree as executrix of Ms. Blake's succession asserts that the separation of property agreement is governed by the general rules of conventional obligations, we have also considered whether Ms. Dupree has a right to assert that the separation of property agreement is null under La. C.C. arts. 2030 and 2031. Although an absolute nullity may be invoked by any person under La. C.C. art. 2030, La. C.C. art. 2031 provides that a "Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative." Jurisprudence states that the relative nullity of a matrimonial agreement "may be invoked only by those persons for whose interest the ground for nullity was established," who, in this case, is the non-offending spouse. Radcliffe 10, L.L.C. v. Burger, 2016-0768 (La. 1/25/2017), 219 So. 3d 296, 302. Ms. Blake and Ms. Dupree were not parties to the action or the matrimonial agreement. Thus, they are not individuals for whose interest the ground for nullity could be alleged or established. Ms. Dupree therefore has no right of action to assert that the separation of property agreement is a relative nullity.
Accordingly, we find that Ms. Dupree as executrix of Ms. Blake's succession has no right of action relative to the relief sought in her petition to annul or to assert that the separation of property agreement is a relative nullity. We therefore grant appellees' exception of no right of action and dismiss appellant's petition on this basis.
Exception of No Cause of Action
The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234, 1235 (La. 1993). "A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant." Ramey v. DeCaire, 2003-1299 (La. 3/19/04), 869 So.2d 114, 118-19. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the petition and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners, 1993-0690 (La. 7/5/94), 640 So.2d 237, 241. Mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action. Ramey, 869 So.2d at 119. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition, states any valid cause of action for relief. Id.
Accepting all of the allegations in the petition to annul as true and applying the legal principles set forth above, we find appellant's petition to annul fails to allege facts sufficient to state a cause of action in this matter. A party seeking to annul a *877 judgment based on fraud under La. C.C.P. art. 2004 must show both that the challenged judgment resulted from a deprivation of that party's legal rights and that its enforcement would be unconscionable and inequitable. Bush v. Lee, 443 So.2d 702 (La. App. 5th Cir. 1983). Neither Ms. Dupree nor Ms. Blake's succession was a party to the judgment sought to be annulled or a creditor of the community at the time of the judgment or currently. Neither has any legal claim against either of the spouses or the community regime. Consequently, Ms. Dupree has not alleged any facts to support that the challenged judgment resulted from the deprivation of her legal rights or any legal rights of Ms. Blake's succession.
Since Ms. Dupree asserts that the separation of property agreement is governed by the general rules of conventional obligations and that it is an absolute nullity, we have also considered whether the petition to annul states a state cause of action for absolute nullity under La. C.C. art. 2030. Upon review, we find that it does not state a cause of action for absolute nullity because Ms. Dupree does not allege any facts to support a claim that the separation of property agreement violates a rule of public order or is illicit or immoral, as is required by La. C.C. art. 2030.
Viewing the allegations in the light most favorable to plaintiff and with every doubt resolved in Ms. Dupree's behalf, we find the petition to annul fails to state any valid cause of action for relief. We therefore grant appellees' exception of no cause of action and dismiss appellant's petition on this basis.
Because we conclude that Ms. Dupree on behalf of Ms. Blake's succession has no right of action, states no cause of action and we dismiss the petition to annul on those grounds, the issues relative to the exception of prescription are moot. Therefore, we pretermit any discussion of that exception.
DECREE
Based on the facts alleged in this matter, we find that appellant has no right of action and fails to state a cause of action. Given that we have addressed sua sponte appellees' exceptions of no right of action and no cause of action instead of the exception of prescription granted by the district court for the reason initially explained, we vacate the district court's judgment granting the exception of prescription and grant appellees' exceptions of no right of action and no cause of action. On this basis, appellant's petition to annul is dismissed.
VACATED; EXCEPTIONS OF NO RIGHT OF ACTION AND NO CAUSE OF ACTION GRANTED