MELANIE KING, DANIELLE DAVIS, AND BRITTANY FOX

VERSUS

BLUE HAVEN POOLS OF LOUISIANA INC. AND ROBERT NAMER

NO. 21-CA-189

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 800-377, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

December 22, 2021

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst

**VACATED AND REMANDED**

    **FHW**
    **RAC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
MELANIE KING, DANIELLE DAVIS, AND BRITTANY FOX
Laura L. Catlett
Jessica M. Vasquez

COUNSEL FOR DEFENDANT/APPELLEE,
BLUE HAVEN POOLS OF LOUISIANA INC. AND ROBERT NAMER
Bernard A. Dupuy
David I. Courcelle
Scott C. Stansbury

**WICKER, J.**

This is an action by plaintiffs-appellants, Melanie King, Danielle Davis, and Brittany Fox against defendants-appellees Blue Haven Pools of Louisiana, Inc. and Robert Namer seeking damages and compensation in connection with employment-related causes of action. On appeal, the former employees, Ms. King, Ms. Davis, and Ms. Fox seek review of the November 5, 2020 judgment sustaining Blue Haven's exceptions of prematurity, no cause of action, and no right of action. Blue Haven filed the exceptions asserting that the lawsuit filed jointly by the former employees were premature since the claims asserted within the petition must be arbitrated pursuant to executed employment agreements. Because we find that the trial court improperly considered evidence not offered and introduced, we vacate the November 5, 2020 judgment on appeal and remand the matter for further proceedings.

**Factual and Procedural Background**

On October 10, 2019, Melanie King, Danielle Davis, and Brittany Fox filed a Petition for Damages against their former employer Blue Haven Pools of Louisiana, Inc. and their supervisor Robert Namer (hereinafter collectively "Blue Haven"), who owned the business specializing in constructing and remodeling swimming pools. In the Petition, Ms. King, Ms. Davis, and Ms. Fox alleged claims for negligent supervision/retention, breach of contract, intentional infliction of emotional distress, sexual assault and sexual battery for incidents that occurred during their respective employment[1] with Blue Haven while under the supervision of the owner Robert Namer. Thereafter, on February 26, 2020, Blue Haven filed one responsive pleading to except to the petition captioned "Dilatory Exception of Prematurity and

---

[1] According to the petition, King was employed with Blue Haven during March 2019 through August 2019 as an administrative assistant. Fox was also employed as an administrative assistant for Blue Haven in June 2019 until an undisclosed period of time. Davis reported being employed as a sales representative for Blue Haven from December 2017 until she was discharged on October 14, 2018.

21-CA-189        1

Peremptory Exceptions of No Cause of Action and No Right of Action to Compel Arbitration and Request for Attorney Fees and Costs."[2] The exceptions were asserted on the basis that plaintiffs' claims must be arbitrated pursuant to employment agreements executed by the plaintiffs. In support of its exceptions, Blue Haven attached to the pleading the general Employment Agreements for Ms. Davis and Ms. Fox. It also attached the Sales Personnel Employment Agreement for Ms. Davis. However, no employment agreement or contract was attached for Ms. King.

At the hearing, on October 7, 2019, the trial court dismissed the former employees' petition and sustained Blue Haven's "Dilatory Exception of Prematurity and Peremptory Exceptions of No Cause of Action and No Right of Action to Compel Arbitration"[3] and granted its request for attorney fees and costs.[4] On November 5, 2020, the trial court rendered a judgment dismissing the plaintiffs' claims. Ms. King, Ms. Davis, and Ms. Fox appeal the November 5, 2020 judgment.

**Law and Analysis**

On appeal, the central issue raised as error by appellants before this Court is whether the arbitration provisions of the general Employment Agreements are valid and enforceable. However, we do not reach the merits of this appeal because we find that the trial court erroneously considered evidence not properly before the court. Specifically, the general Employment Agreements and Sales Personnel Employment Agreement considered by the trial court and referenced as a determining factor in rendering its judgment were never offered or introduced into evidence at the October 7, 2019 hearing.

---

[2] Blue Haven's pleading also included in the caption "in the alternative, Exceptions of Improper Cumulation of Actions and/or Misjoinder of Parties, and No Cause of Action and No Right of Action", all of which were asserted based on plaintiffs' failing to state a cause on which relief could be granted.

[3] We acknowledge that Blue Haven referred to its Peremptory Exceptions of No Cause of Action and No Right of Action as "to Compel Arbitration." It is unclear from the exceptions and the record what is meant by "to Compel Arbitration. However, it is well-settled that an exception is treated as it actually is, not what it is titled. *Standtlander v. Ryan's Family Steakhouses, Inc.*, 34,384 (La. App. 2 Cir. 4/4/01), 794 So.2d 881, 886, *writ denied*, 01–1327 (La.6/22/01), 794 So.2d 790, questioned on other grounds as stated in *Arkel Constructors, Inc. v. Duplantier & Meric, Architects, L.L.C.*, 06–1950 (La. App. 1 Cir. 7/25/07), 965 So.2d 455.

[4] The trial court also ruled that Blue Haven's remaining exceptions, pled in the alternative, were moot.

Blue Haven may introduce evidence to prove the existence of a valid contract with a binding arbitration clause in connection with its exception of prematurity and no right of action when such information is absent from the petition. However, in the instant matter, review of the minute entry and the transcript of the proceedings reveals that Blue Haven failed to properly introduce and admit evidence at the exception hearing.

Pursuant to La. C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments, and other rulings, unless otherwise designated. La. C.C.P. arts. 2127 and 2128. *Deutsche Bank Nat'l Tr. Co. ex rel. Morgan Stanley ABS Capital I, Inc. v. Carter*, 10–663 (La. App. 5 Cir. 01/25/11), 59 So.3d 1282, 1285.

It is well-settled within Louisiana jurisprudence that documents attached to memoranda of law submitted in connection with a peremptory exception do not constitute evidence and cannot be considered on appeal. *Caro v. Bradford White Corp.*, 96-120 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 618. Evidence not properly and officially offered and introduced at the hearing on a peremptory exception cannot be considered, even if it is physically placed in the record. La. C.C.P. art. 931.

In the case at bar, the trial court considered the general Employment Agreements and a Sales Personnel Employment Agreement annexed to Blue Haven's exceptions. A review of the record reveals that the agreements at issue were never offered and introduced into evidence. Thus, we find that the trial court erroneously considered evidence not properly offered and introduced at the October 7, 2019 hearing on Blue Haven's exceptions and improperly relied upon that evidence in rendering its judgment to sustain the exceptions and to award attorney's fees and costs to Blue Haven.

We further point out that an exception of no cause of action may be considered without any evidence offered and introduced by defendant, and thus, we now review this exception.

An appellate court reviews the judgment sustaining a peremptory exception of no cause of action *de novo*, because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *Succession of Gendron*, 17-216 (La. App. 5 Cir. 12/27/17), 236 So.3d 802, 807; citing *Guidry v. Hanover Ins. Co.*, 09-220 (La. App. 5 Cir. 11/10/09), 28 So.3d 426, 429 (internal citations omitted). An exception of no cause of action asks whether the law extends a remedy to anyone under the factual allegations of the petition, while an exception of no right of action[5] questions whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged. *Pitre v. Dufrene*, 98-570 (La. App. 5 Cir. 12/29/98), 726 So.2d 81. No evidence may be introduced to support or controvert an exception raising the objection of no cause of action, and for the purpose of determining the issues raised by the exception, all facts well-pleaded in the petition must be accepted as true. *Show-Me Const., LLC v. Wellington Specialty Ins. Co.*, 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159.

In the petition, plaintiffs' assert various causes of action, including negligent supervision/retention, breach of contract, intentional infliction of emotional distress, sexual assault and sexual battery for incidents that occurred during their respective employment with Blue Haven. Blue Haven excepts to the petition by asserting the exception of no cause of action on the basis that an agreement to arbitrate plaintiffs' claims exist, the agreements must be enforced, the claims must be adjudicated via

---

[5] Unlike the no cause of action exception, evidence is admissible to support or controvert the objection of no right of action when the grounds thereof do not appear from the petition. *Louisiana Shrimp Ass'n v. Wayne Estay & Wayne Estay Shrimp Co.*, 05-29 (La. App. 5 Cir. 5/31/05), 905 So.2d 431,434. However, documents attached to memoranda do not constitute evidence and cannot be considered such on appeal. *Jackson v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 08-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515. As more fully discussed above, Blue Haven failed to offer and introduce the agreements attached to its exceptions, and we cannot consider the agreements as to this assertion.

arbitration, and this matter must be dismissed. It argues that the petition states that plaintiffs contracted with it by executing an employment agreement which contained a valid, enforceable and binding arbitration clause. We disagree. Upon review, the petition is devoid of any mention of or reference to an arbitration agreement. Although plaintiffs have asserted within the petition that they entered into a contract with defendants to perform a job and that defendant breached that contract such that relief under contractual theories is warranted, review of the record shows the contracts of employment are absent from the petition and the record.

Our Supreme Court has explained that an objection may be raised by an exception of no cause of action, a peremptory exception which can be pleaded at any time, because the party has no cause of action at law when the contract expressly required settlement of contractual controversies and claims by arbitration. *Matthews–McCracken Rutland Corp. v. City of Plaquemine*, 414 So.2d 756, 758 (La. 1982).

In *Ackel v. Ackel,* 97–70 (La. App. 5 Cir. 5/28/97), 696 So.2d 140, 143, *writ denied*, 97–2139 (La.11/21/97), 703 So.2d 1310, this Court considered a judgment granting an exception of no cause of action based on an arbitration provision in an agreement. In that case, the petition did not mention the arbitration provision. We held: "A proper vehicle to raise this issue would have been the Exception of Lack of Subject Matter Jurisdiction or a Motion for Summary Judgment, since the introduction of evidence is permissible with those pleadings, whereas the court may only consider the four corners of the petition when ruling on the Exception of No Cause of Action." *Id*.

Since the record is absent of any employment agreements and any agreements with an arbitration provision, the petition is devoid of any mention of an arbitration agreement, and Blue Haven failed to offer and introduce evidence in support of its

other exceptions previously discussed, we find that the trial court erred in sustaining Blue Haven's exceptions.

Accordingly, we vacate the October 7, 2019 judgment sustaining exceptions in favor of Blue Haven and awarding attorney's fees and costs, and remand this matter for further proceedings.

**VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-189

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
JESSICA M. VASQUEZ (APPELLANT)     LAURA L. CATLETT (APPELLANT)          BERNARD A. DUPUY (APPELLEE)
SCOTT C. STANSBURY (APPELLEE)

### MAILED

DAVID I. COURCELLE (APPELLEE)
ATTORNEY AT LAW
3500 NORTH CAUSEWAY BOULEVARD
EXECTUTIVE TOWER, SUITE 185
METAIRIE, LA 70002