| MARK LAUGHLIN AND NAR SOLUTIONS, INC. | NO. 24-C-561 |
|---|---|
| | FIFTH CIRCUIT |
| VERSUS | |
| | COURT OF APPEAL |
| CHARLES VINCENT BENEDETTO, ET AL | |
| | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

February 14, 2025

Linda Wiseman
First Deputy Clerk

IN RE NATALIE S. JACKSON

---

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 846-877

---

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**WRIT DENIED**

Relator, Natalie Jackson, seeks review of the trial court's October 17, 2024 judgment denying her exception of no cause of action or, in the alternative, no right of action.  For the following reasons, we deny this writ application.

*Facts and Procedural History*

On September 5, 2023, plaintiffs, Mark Laughlin and his successor in interest, NAR Solutions, Inc. ("NAR"), filed a "Petition to Declare Consent Judgment Annulled or Dissolved, to Confirm and Quiet Tax Sale Title, and for Partition," naming Charles Benedetto, Natalie Jackson, and India Investments/BMO Harris d/b/a India Investments ("India") as defendants.  According to the petition, Mr. Benedetto was the owner of the property located at 314 Rue St. Ann in Metairie, when the Sheriff, as tax collector for Jefferson Parish, held a tax sale in August of 2015 to collect unpaid property taxes.  In the petition, Mr. Laughlin asserts that he purchased a 1% tax sale title interest in the property, as evidenced by the tax sale certificate, and

24-C-561

that he has not conveyed his interest in the tax sale certificate. The petition further states that the Sheriff held a second tax sale to collect delinquent taxes on August 2, 2017, and India purchased a 1% tax sale title interest in the property.

According to the petition, India filed a lawsuit in 2021 seeking to quiet title to its 1% tax sale interest in the property and naming Mr. Laughlin and others as defendants. Thereafter, in that lawsuit, Mr. Laughlin, NAR, and India entered into a consent judgment on January 25, 2022, in which Mr. Laughlin and NAR declared the property free and clear of Mr. Laughlin's 1% tax sale interest and agreed to the order in which the parties and others would be paid from the partition sale proceeds. The petition further provides that India obtained a default judgment against Mr. Benedetto in April of 2022, quieting title to its 1% tax sale interest and ordering a partition of the property, but no partition ever took place. The petition states that on February 13, 2023, India conveyed its 1% interest in the property to relator, Ms. Jackson, via quitclaim deed.

In the present lawsuit, Mr. Laughlin and NAR seek a judgment declaring the January 25, 2022 consent judgment to be annulled or dissolved, declaring Mr. Laughlin and/or NAR to be the owner of 1% of the property, and ordering partition of the property by licitation. In their petition, Mr. Laughlin and NAR assert that the January 2022 consent judgment is an absolute nullity, because it purported to distribute the partition sale proceeds without the consent of Mr. Benedetto. They further assert that the consent judgment is regarded as dissolved, pursuant to La. C.C. art. 2013, because India failed to perform its obligation under the consent judgment to execute the April 2022 judgment by having the property sold at a partition sale.[1] Additionally, Mr. Laughlin and NAR contend the consent judgment is considered dissolved under La. C.C. art. 2016, because it is now impossible for India to fulfill its

---

[1] La. C.C. art. 2013 provides, in pertinent part, "[w]hen the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved."

obligations, since it conveyed its 1% interest to Ms. Jackson.[2]  A copy of the January 2022 consent judgment, the tax sale certificate conveying 1% interest to Mr. Laughlin, the quitclaim deed conveying India's 1% interest to Ms. Jackson, and a notice of tax sale were attached to the petition.

On April 23, 2024, Ms. Jackson filed an exception of no cause of action or, alternatively, no right of action, seeking dismissal of this lawsuit on the grounds that the law does not provide for nullity of the consent judgment under the circumstances in this case.  She asserted that after Mr. Laughlin, NAR, and India entered into the January 2022 consent judgment, the court rendered a judgment on April 26, 2022, quieting title to India's 1% tax sale interest and ordering partition of the property by licitation.  She attached a copy of the April 2022 judgment and argued she was entitled to rely on it when she purchased India's 1% interest, because this judgment was recorded in the public records.  Ms. Jackson attached several other documents to her exceptions as well.

After a hearing on September 17, 2024, the trial court took the matter under advisement.  Thereafter, on October 17, 2024, the trial court rendered a judgment denying Ms. Jackson's exceptions of no cause and no right of action.

*Law and Discussion*

In this writ application, Ms. Jackson contends the trial court erred by denying her exceptions of no cause of action and no right of action.  First, she argues that the codal articles pertaining to nullification of judgments, La. C.C. P. arts. 2001, *et seq.*, are inapplicable here.  She also contends that La. C.C. art. 2013 does not apply in this matter, because it relates to contracts cases and this is not a contract case.  Ms. Jackson further argues that, in making her decision to purchase India's 1% interest in the property, she was entitled to rely on the recorded, April 2022 judgment, which

---

[2] La. C.C. art. 2016 provides, "[w]hen a delayed performance would no longer be of value to the obligee or when it is evident that the obligor will not perform, the obligee may regard the contract as dissolved without any notice to the obligor."

specifies that the property was owned 99% by Mr. Benedetto and 1% by India. Further, she claims that she was entitled to rely on the recorded quitclaim deed executed by India, conveying its 1% tax sale interest to her and declaring that Mr. Benedetto was the owner of the remaining 99%.

Mr. Laughlin and NAR reply that the consent judgment they seek to nullify is, in fact, a contract pursuant to La. C.C. art. 3071, and this judgment was not recorded in the public records.[3] They contend that while India complied with its obligation under the consent judgment *to obtain* a judgment ordering a partition sale, it failed to fulfill its obligation *to execute* the judgment and have the property sold at a partition sale. Mr. Laughlin and NAR argue that India cannot claim the benefit of Mr. Laughlin's obligation under the consent judgment to relinquish his tax sale interest, because India failed to fulfill its own obligations. Therefore, they assert that the consent judgment should be annulled.[4]

An appellate court reviews an exception of no cause of action using the *de novo* standard, because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. *King v. Blue Haven Pools of Louisiana*, 21-189 (La. App. 5 Cir. 12/22/21), 334 So.3d 991, 994-95. An exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. *Id.* at 995. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action, and the court may not go beyond the petition to the merits of the case. *Scanlan v. MBF of Metairie, L.L.C.*, 21-323 (La. App. 5 Cir. 3/23/22), 337 So.3d 562, 565; *Succession of Griffin*, 17-637 (La. App 5 Cir. 5/30/18), 249 So.3d 1048, 1055, *writ denied*, 18-1081 (La. 10/15/18), 253 So.3d 1303.

---

[3] La. C.C. art. 3071 provides, "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

[4] Mr. Laughlin and NAR also cite La. C.C. art. 1770, which provides that a suspensive condition depending solely on the whim of the obligor renders the obligation null, and La. C.C. art. 1949, which provides that error vitiates consent when it concerns a cause without which the obligation would not have been incurred.

In deciding whether a petition states a cause of action, a court may consider only the petition, any amendment to the petition, and any documents attached to the petition. *Henderson v. State Farm Mut. Auto. Ins. Co.*, 21-654 (La. App. 4 Cir. 12/17/21), 335 So.3d 349, 354. Although Ms. Jackson contends she was entitled to rely on the terms of the judgment quieting tax title, this document is not attached to the petition and the petition does not indicate it was recorded. Ms. Jackson raises defenses to the claims in the petition, but defenses and arguments on the merits of the petition cannot be considered on an exception of no cause of action.

A petition should not be dismissed for failure to state a cause of action unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of any claim that would entitle them to relief. *Scanlan*, 337 So.3d at 565, *citing Grubbs v. Haven Custom Furnishings, L.L.C.*, 18-710 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 848. After *de novo* review of the petition and the documents attached thereto, we find Mr. Laughlin and NAR have stated a cause of action, and we find no basis to disturb the trial court's judgment denying the exception of no cause of action.

Alternatively, Ms. Jackson contends that Mr. Laughlin and NAR have no right of action to nullify the consent judgment, because they formally relinquished any claim to a 1% tax sale interest in the property when they entered into the consent judgment.

The defendant raising an exception has the burden of proving the exception of no right of action. *Davisson v. Board of Examiners for New Orleans*, 22-519 (La. App. 5 Cir. 5/24/23), 366 So.3d 784, 789. Unlike the no cause of action exception, evidence is admissible to support or controvert the objection of no right of action when the grounds thereof do not appear from the petition. La. C.C.P. art. 931; *Louisiana Shrimp Ass'n v. Wayne Estay & Wayne Estay Shrimp Co.*, 05-29 (La. App. 5 Cir. 5/31/05), 905 So.2d 431, 434.

In this case, Ms. Jackson attached several exhibits to her exceptions. However, documents attached to memoranda do not constitute evidence and cannot be properly considered on appeal unless they have been formally offered and introduced into evidence. *Jackson v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 08-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515. While we do not have a transcript of the hearing on the exceptions, neither the minute entry nor the judgment indicate any evidence was introduced in support of the exception of no right of action. Accordingly, we cannot consider the evidence attached to Ms. Jackson's exceptions.

An exception of no right of action assumes the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. *Davisson*, 366 So.3d at 789. The exception does not raise the question of the plaintiff's ability to prevail on the merits, nor the question of whether the defendant may have a valid defense. *Id.*; *Shorter v. Akins*, 11-1553 (La. App. 3 Cir. 4/4/12), 86 So.3d 883, 885, *writ denied*, 12-1363 (La. 10/8/12), 98 So.3d 853.

In the present case, the petition alleges that Mr. Laughlin and NAR were parties to the consent judgment they now seek to annul. It further indicates that Mr. Laughlin purchased a 1% tax title interest in the property and "has not conveyed his interest in the tax sale certificate." After *de novo* review of the petition and accepting its allegations as true, we find Ms. Jackson has failed to meet her burden of proving that Mr. Laughlin and NAR have no right of action. Accordingly, we find no basis to disturb the trial court's judgment, and this writ application is denied.

Gretna, Louisiana, this 14th day of February, 2025.

**FHW**
**JGG**
**JJM**

6

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **02/14/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-C-561**

**CURTIS B. PURSELL**
CLERK OF COURT

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
James E. Uschold (Respondent)
Stephen D. Marx (Relator)
Mark J. Boudreau (Respondent)

**MAILED**